McGrath, Respondent, vs. The Village of Bloomer, Appellant.

*November 9 — December 4, 1888.*

*(1) Instructions to jury. (2) Defective sidewalk: Court and jury. (3) Special verdict: Discretion.*

1. It is not error to refuse to give instructions the substance of which has been given in the general charge.
2. It is not error for the trial court to assume that an excavation several feet deep in the line of a sidewalk is a defect in the walk unless properly guarded.
3. The trial court may, in its discretion, submit for a special verdict questions material to the issues.

APPEAL from the Circuit Court for *Chippewa* County.

The facts will sufficiently appear from the opinion. The plaintiff had a verdict for $700, and from the judgment thereon the defendant appeals.

The cause was submitted for the appellant on the brief of *C. D. Tillinghast*, attorney, and *Marshall & Jenkins*, of counsel, and for the respondent on that of *D. Buchanan, Jr.*

COLE, C. J. This is an action for personal injuries sustained by the plaintiff in falling into an excavation on the line of the sidewalk in the defendant village, which, it is claimed, was not properly guarded to prevent accidents to persons traveling on the walk. The plaintiff fell into the excavation in the night time.

The first error assigned for a reversal of the judgment is that the court below erred in its charge to the jury, and in refusing instructions asked on the part of the defendant. The charge of the court is lengthy, covering several pages of printed matter, and, while a number of exceptions are taken to it, yet we think it is unobjectionable. The instructions of the defendant were handed to the court after it had concluded its charge to the jury. They may have been refused for that reason. However that may be, we think there was no error in refusing to give them. They relate generally to the degree of care which a traveler must exercise in passing along the sidewalk in the night time. But upon that point the charge is full and explicit. The court told the jury, in substance, that if there was any want of ordinary care on the plaintiff's part, which contributed to his fall into the hole in the sidewalk, there could be no recovery, even though the village authorities were negligent in failing to place a sufficient barrier at the place to prevent accidents. This idea was pressed upon the jury, and the meaning of the words "ordinary care" defined. The jury were told that "ordinary care" meant such care as men of

ordinary prudence would exercise under like circumstances, and that if the plaintiff failed in the exercise of that degree of care in any measure there could be no recovery. There can be no doubt but that the jury were fully instructed upon the question of contributory negligence, and they found that the plaintiff was not guilty of any want of ordinary care which contributed to his fall into the hole near the sidewalk. Such being the case, it was not necessary to give further instructions upon that question, and error cannot be assigned on the refusal of the court to give them. The appellant's counsel is clearly mistaken in assuming that the question of ordinary care on the part of the traveler was excluded from the consideration of the jury. It was repeatedly stated in different forms in the charge that the slightest want of ordinary care on the part of the plaintiff would defeat a recovery. The court fairly submitted the question whether there was a sufficient barrier or guard put up at the hole to prevent a person exercising proper care from falling into it. It is true, the court assumed that such a hole, which the evidence showed to be several feet deep and quite large, was a defect in the walk if not properly guarded, and there can be no doubt about the correctness of that view of the law. Such a hole, if not guarded, would be eminently dangerous to life and limb, and would call for the exercise of most extraordinary vigilance and care on the part of a traveler to avoid falling into it in the night time. This is too obvious to require comment.

The next error assigned is the refusal of the court to grant a new trial. This point, we think, is not well taken. The case seems to have been fairly tried, and it is not claimed there was any error either in the admission or rejection of testimony. There was some conflict in the evidence as to whether a man of ordinary care and prudence would have seen the hole and avoided it; also whether the timber placed on the walk in front of the excavation constituted a

sufficient barrier or protection. These were clearly questions of fact for the jury to determine upon the evidence. There is ample testimony to support the verdict, and it is impossible to say the court erred under the circumstances in not granting a new trial.

It is further claimed that the court erred in submitting certain questions to the jury for a special verdict. It was clearly discretionary with the court to submit questions material to the issues involved. The questions submitted were, first, whether there was any want of ordinary care on the plaintiff's part which contributed to the injury; whether the hole near the sidewalk, into which he fell, was properly protected by a sufficient barrier; whether the village authorities were chargeable with notice of this defect; and, finally, the question of damages. The answers to all these questions were in favor of the plaintiff.

Upon the whole record, we see no reason for disturbing the judgment. It is therefore affirmed.

*By the Court.*— Judgment affirmed.