BROWN, Administratrix, Appellant, vs. THE CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY, Respondent.

*September 2 — September 29, 1891.*

*Railroads: Injury to passenger: Contributory negligence: Jumping from train.*

A passenger on a freight train wished to get off at a station where the train did not usually come to a full stop but merely slowed up to allow passengers to alight. Finding that the train had passed the station and was increasing its speed, he jumped from the platform of the caboose, and was killed. *Held*, that he was guilty of contributory negligence which would preclude a recovery for his death, even though the railroad company was negligent in the management of the train.

APPEAL from the Circuit Court for *Richland* County.

Action to recover damages for the death of plaintiff's intestate, Clark E. Brown, on the 15th day of October, 1887, which death · plaintiff claims resulted from the negligent management of defendant's freight train on which said Brown was a passenger. Brown desired to stop at a station called "Blue River," and the complaint charges that the defendant's employees negligently failed to cause the train to stop at Blue River long enough for him to alight, and that they negligently caused the train to be jerked in such a way as to cause him, without negligence

on his part, to be thrown from the car and injured, from the effects of which injuries he died. The defendant pleads contributory negligence.

The evidence showed that the deceased boarded the train at Boscobel, and desired to get off at Blue River; that he rode in the caboose with several other passengers; that he had two bundles, and sat down in a corner of the car with his hat pulled down over his eyes, as if dozing or thinking; that the train passed through Blue River station without stopping, one of the witnesses testifying that there was no change of speed, except that speed was increased when the station was passed to nearly or quite eighteen miles an hour; that the deceased arose from his seat as the train was passing Blue River station, picked up his packages, looked out of the window, and went out of the back door of the caboose; that another passenger followed him to the door "shortly afterwards," or "almost immediately," and found that he was gone; that it was a little after 6 o'clock P. M. when the train left Boscobel, and was dark as it passed through Blue River; that the train was going east; and that the conductor had been through the car collecting fares. Upon the following morning the deceased was found by section hands in an unconscious condition, lying on a farm crossing, about a quarter of a mile east of Blue River, his body lying parallel with and about three feet from the track, with his head to the east. He remained unconscious until his death, which took place on the same day and undoubtedly resulted from his injuries. About eight feet west of the crossing two foot marks or tracks were found in the sand, close together, parallel with the rail and two and one half or three feet distant therefrom, sunk two or three inches into the sand, and pointing eastward. The bundles of the deceased were found forty-five to forty-eight feet west of the body on the same side of the track, and seven or eight feet from the rail. There was no evidence of any

unusual movement of the train after it passed Blue River, save the gradual increase of speed. There was evidence tending to show that it was customary for this train to slow up while passing through Blue River station, for the purpose of allowing male passengers to alight, and when they had alighted to go on again without having come to a full stop.

At the close of the testimony the circuit court granted a nonsuit on the ground of contributory negligence on the part of the deceased, and the plaintiff appeals.

For the appellant there was a brief by *Michael Murphy* and *John D. Wilson*, and oral argument by *Mr. Wilson*.

For the respondent there was a brief by *Geo. P. Cary*, and oral argument by *H. H. Field*.

Winslow, J. The nonsuit was clearly right, and must be affirmed. There are only two possible theories upon which the disappearance of the deceased from the train can be accounted for, *i. e.*, (1) he fell from the train, or (2) he voluntarily jumped from the train. The theory that he fell from the train is simply a theory, founded upon no fact in the case, and in fact contradicted by every circumstance in proof which throws any light on the transaction. Should a jury find as a fact that he fell from the train, such finding would have to be set aside at once as contrary to all the evidence. On the other hand, the circumstances in evidence tend to directly substantiate the theory that he voluntarily jumped. The position of the bundles would indicate that he first threw them to a little distance, so that his hands and arms might be disengaged and ready for use. Had he fallen, or been thrown by a jar from the platform, he and his bundles would probably have been found in close proximity.

The marks of his feet in the sand, parallel with the track, close together, pointing east, the heels deeply indented,

Brown vs. The Chicago, Milwaukee & St. Paul R. Co.

clearly indicate that he jumped *with* the train, as one would naturally do; and the position of the body, parallel with the track, and pointed east, also tends strongly to corroborate this same theory. Our conclusion is that no finding of fact could be sustained under this evidence, save the finding that he jumped from the train. This fact then being established, the legal consequences flowing from it are obvious. "As a general rule, it is negligence for an adult person to jump from a train of cars in motion." *Hemmingway v. C., M. & St. P. R. Co.* 72 Wis. 42. True, there are exceptions to this rule, as where a passenger is suddenly put in a state of excitement or fright by the fault of the company, and voluntarily jumps from the train to avoid greater danger; and it is possible there may be other circumstances which might arise and would justify a court in submitting to a jury the question as to whether, in view of all the circumstances, the voluntary jumping from the train was or was not a want of ordinary care. But there are no such circumstances in this case. There was no accident to the train, no sudden danger, no occurrence which would naturally cause the least alarm or apprehension of injury on the part of an adult in full possession of his senses, as the deceased appears to have been. The only rational explanation is that he found the train had passed his station, was increasing its speed, and that he preferred taking the risk and jumping from it rather than be carried any further past his home. Respondent's counsel conceded that there was sufficient evidence to take the question of respondent's negligence, in not stopping the train at Blue River, to the jury, but this is not sufficient to entitle the plaintiff to recover. The deceased was manifestly guilty of contributory negligence, and that defeats the action, even if it were found that respondent was negligent in the management of its train.

*By the Court.*— The judgment of the circuit court is affirmed.