HART, Respondent, vs. WEST SIDE RAILROAD COMPANY, Appellant.

*November 13 — November 28, 1893.*

*Street railways: Ejection of boy from platform: Liability for injuries: Volunteer fellow-servants: Special verdict: Findings by court on undisputed evidence.*

1. It was found by a special verdict that plaintiff, with other boys, got upon the front platform of an electric car by invitation of the motorman; that the conductor did not warn them off until after

| | |
|---|---|
| 86 | 483 |
| 86 | 460 |
| 86 | 483 |
| 87 | 270 |
| 86 | 483 |
| 89 | 132 |
| 89 | 150 |
| 89 | 208 |
| 86 | 483 |
| 90 | 92 |
| 86 | 483 |
| 91 | 44 |
| 86 | 483 |
| 99 | 37 |

Hart vs. West Side R. Co.

the car was in motion, and that he then used some force, either with hand or foot, whereby plaintiff was caused to fall from the car; that the wheels of the car crushed plaintiff's arm; that plaintiff was about eleven years old and, under all the circumstances, was not guilty of negligence proximately contributing to the injury; and that he sustained damage to a certain amount. The complaint had alleged that when plaintiff fell from the car it was going at a high rate of speed; and it was recited and found by the court, in the order for judgment and in the judgment, that all the allegations of fact in the complaint, beyond those covered by the special verdict, had been proved to be true by the undisputed evidence. *Held*, that the facts so found by the court will be treated as verities, in the absence of a bill of exceptions containing the evidence, and that the verdict, supplemented by such finding, is sufficient.

2. If plaintiff is to be regarded as a passenger on the car, his forcible ejection therefrom, under the circumstances found, rendered the defendant liable.

3. The complaint alleged that the car was in charge of a motorman on the front platform and a conductor; that it was a custom of the motormen on defendant's cars to permit boys of plaintiff's age to ride on the front platforms to a certain switch, "for the purpose of inducing such boys to turn said switch for said employees;" that on the occasion in question the plaintiff, with the permission of the motorman "and in pursuance of the custom" mentioned, got upon the front platform of the car for the purpose of riding to said switch. *Held*, that these allegations did not show any purpose of plaintiff to aid in operating defendant's railway such as would make him a volunteer fellow-servant of the conductor.

APPEAL from the Circuit Court for *Milwaukee* County.

The complaint alleges, in effect, that the plaintiff is an infant and brings this action by his guardian duly appointed as such; that the defendant is a corporation, duly organized and engaged in the carrying of passengers for hire in the public streets of Milwaukee on cars propelled by electricity, and was doing so January 21, 1892, on Grand avenue, Eleventh and Wells streets; that the car in question was on that day provided with but one gate for the front platform thereof, and that on the inner or right hand side of said platform there was no gate or wicket or barrier of any

kind; that the car was at the time mentioned in charge of, and being operated by, two servants of the company, to wit, a motorman stationed on the front platform, and a conductor named Boyle; that it had been for a long time prior thereto the habit and custom of the motormen on said line to permit young boys of about the age of the plaintiff to go upon the cars, and to ride on the front platforms thereof and the steps leading thereto to a switch at the corner of Wells and Eleventh streets, *for the purpose of inducing such boys to turn said switch* for said employees; that about 1 o'clock in the afternoon of January 21, 1892, and while the car mentioned was stopped at the intersection of Grand avenue and Eleventh street for the purpose of permitting passengers to alight therefrom, the plaintiff, with the permission and consent of the motorman of said car, and in pursuance of the custom mentioned, stepped and stood upon the lower step of the front platform of said car, and held firmly to the rails at the sides of said platform, for the purpose of riding to said switch; that when the car, so conducted and operated, was moving at a high rate of speed on Eleventh street, at about the middle of the block between Grand avenue and Wells street, and while the plaintiff was lawfully upon the front platform thereof, the conductor of the car suddenly and without warning threw open the front door of the car and, without stopping the car or giving the plaintiff an opportunity to safely alight therefrom, in a violent and threatening manner ordered the plaintiff to get off the car, and at the same time kicked at the plaintiff, striking him on the shoulder, whereby the plaintiff was caused to lose his balance and relax his hold upon the rails of the car, and plaintiff without any fault or negligence on his part was by the said acts of the conductor hurled and thrown to the ground and underneath the wheels of the car, which ran over his right arm, and cut, bruised, and mangled the same, and broke and crushed the

bones thereof so that the same protruded through the flesh, and bruised and injured the body and limbs of the plaintiff, whereby his right arm was necessarily amputated, to his damage in the sum of $15,000, for which he prayed judgment.

The defendant answered by way of admissions and denials, and alleged in effect that the plaintiff, at the time averred, carelessly and recklessly, without invitation, but acting upon his own impulse, unlawfully attempted to board the car mentioned for the purpose of clinging to the same and riding a short distance without paying fare, and in so doing, by his own fault and negligence, fell off the car and was injured.

At the close of the trial the jury returned a special verdict to the effect (1) that the plaintiff on January 21, 1892, sustained a personal bodily injury by having his arm crushed under the wheels of a street car, which resulted in the loss of his arm; (2) that the plaintiff, with three other boys, did go upon the car upon the invitation of the motorman, express or implied, at or near the intersection of Eleventh street and Grand avenue, in the city of Milwaukee; (3) that the conductor did not warn the plaintiff and said boys not to go upon the car, before they went upon the same; (5) that he did so warn them to leave the car, from his position on the rear platform, after the car was in motion; (6) that the conductor did pass through the car, from the rear to the front, and go upon the front platform, before the plaintiff fell from said car; (7) that the conductor ordered the boys off the front platform and the step leading thereto, before the plaintiff fell; (8) that the conductor used force, either with his hand or foot, whereby the plaintiff was caused to lose his hold and fall from said car; (9) that the boys, including the plaintiff, did not go upon the car without leave after the same was in motion; (10) that the plaintiff's age, at the time of his injury, was about ten years

and ten months; (11) that the plaintiff was not guilty of contributory negligence, the proximate cause of, or which contributed proximately to, his injury, taking into account his age and all the facts and circumstances of the case; (12) that the jury assessed the plaintiff's damages at $8,500.

The trial court, by order, denied a motion made by the defendant, based on the pleadings and special verdict, for judgment dismissing the complaint and for costs of the action, February 11, 1893. Upon the same day, and upon the motion of the plaintiff, the court ordered judgment to be entered in favor of the plaintiff and against the defendant for said sum of $8,500 and the costs of the action. Said last-named order recited, among other things, the rendition of said verdict, and that "all of the allegations of fact in the complaint herein, beyond those covered by the said special verdict, having been proven to be true by the undisputed evidence on the trial." Judgment was thereupon entered accordingly, reciting, among other things, that "all the allegations of fact in the complaint herein, beyond those covered by the special verdict, having been proved to be true by the undisputed evidence on the trial." From each of said orders and said judgment the defendant appeals.

For the appellant there was a brief by *Danforth Becker*, attorney, and *W. J. Turner*, of counsel, and a supplemental brief by *Danforth Becker*, attorney, and *Charles N. Gregory*, of counsel, and the cause was argued orally by *Mr. Turner* and *Mr. Gregory*. They contended, *inter alia*, that one assisting servants in their work, voluntarily or by their request, stands in no better place as to recovery from the master for personal injury than the servants he assists. *Potter v. Faulkner*, 1 Best & S. 800, 806; *Degg v. Midland R. Co.* 1 Hurl. & N. 773; *Osborne v. K. & L. R. Co.* 68 Me. 49; *Mayton v. T. & P. R. Co.* 63 Tex. 77; *Everhart v. T. H. & I. R. Co.* 78 Ind. 292; *Street R. Co. v. Bolton*, 43 Ohio

St. 226–7; *Kirk v. A. & C. A. L. R. Co.* 94 N. C. 625, 25 Am. & Eng. R. Cas. 507; *Flower v. Penn. R. Co.* 69 Pa. St. 210; *New Orleans, J. & G. N. R. Co. v. Harrison*, 48 Miss. 112; Wood, M. & S. (2d ed.), 909, 910; 1 Beven, Neg. 406–408; Whart. Neg. (2d ed.), §§ 200, 201, 224; Shearm. & Redf. Neg. (3d ed.), § 406; 2 Thomp. Neg. 1045; MacDonald, M. & S. 314, 315; Ewell's Evans, Agency, 682; *Johnson v. Ashland W. Co.* 71 Wis. 553, 556; *Finley v. H. E. R. Co.* 64 Hun, 373; *Fleming v. B. C. R. Co.* 1 Abb. N. C. 433, 74 N. Y. 618. The rule that the master is not liable for injury through fault of a fellow-servant has been habitually applied to cases of injury to infant servants exactly as to adults, both in England and America. *Flower v. Penn. R. Co.* 69 Pa. St. 210; *New Orleans, J. & G. N. R. Co. v. Harrison*, 48 Miss. 112; *Hall v. Johnson*, 3 Hurl. & C. 589; *Murphy v. Smith*, 115 Eng. C. L. 361; *Brown v. Maxwell*, 6 Hill, 592; *King. v. B. & W. R. Corp.* 9 Cush. 112; *Curran v. Merchants' M. Co.* 130 Mass. 374; *Ohio & M. R. Co. v. Hammersley*, 28 Ind. 371; *Sullivan v. T., W. & W. R. Co.* 58 id. 26; *Gartland v. T., W. & W. R. Co.* 67 Ill. 498; *Fisk v. C. P. R. Co.* 72 Cal. 38, 42; *North Chicago R. M. Co. v. Benson*, 18 Ill. App. 194; Pierce, Railroads, 360, and note 8; McKinney, Fellow Servants, 51; *Toner v. C., M. & St. P. R. Co.* 69 Wis. 188; Whart. Neg. (2d ed.), §§ 200, 224; 2 Thomp. Neg. 977.

For the respondent there were briefs signed by *Quarles, Spence, Hoyt & Quarles*, attorneys, and *J. V. Quarles*, of counsel, and oral argument by *J. V. Quarles*. They argued, among other things, that if the act of the conductor was wrongful and was done while he was engaged in the discharge of his appointed duty, the company is liable for the wrong of its agent without regard to the question of negligence. *Fick v. C. & N. W. R. Co.* 68 Wis. 471; *Rogahn v. Moore M. & F. Co.* 79 id. 574; *Lovett v. S. & S. D. R. Co.* 9 Allen, 557; *Kansas City, F. S. & G. R. Co. v. Kelley*, 36

Kan. 655; *Wabash R. Co. v. Savage*, 110 Ind. 156; *North-western R. Co. v. Hack*, 66 Ill. 238; *Alabama G. S. R. Co. v. Frazier*, 93 Ala. 45; *Kline v. C. P. R. Co.* 37 Cal. 405; *Biddle v. H., M. & F. P. R. Co.* 112 Pa. St. 551; *Heston-ville, M. & F. P. R. Co. v. Biddle*, 16 Atl. Rep. 488. That plaintiff was not a trespasser, see *Wilton v. Middlesex R. Co.* 107 Mass. 108; *S. C.* 125 id. 130; *Powers v. B. & M. R. Co.* 153 id. 190.

CASSODAY, J. There is no bill of exceptions. This being so, the questions presented must be determined upon the pleadings, the special verdict, orders, and judgment mentioned in the foregoing statement. It is contended, in effect, that the *gravamen* of the complaint is the negligence of the defendant; that the same is put in issue by the answer; and that such issue has not been determined by the special verdict, and hence that the verdict is defective. Undoubtedly a special verdict is defective which fails to determine all the material and controverted facts put in issue by the pleadings. It is equally true that the form of such verdict is very much in the discretion of the trial court, and that it is not to be regarded as defective merely because such court fails to submit questions not in issue, or not material, or not controverted because admitted upon the trial or established by the undisputed evidence. *Heddles v. C. & N. W. R. Co.* 74 Wis. 257; *Sherman v. Menominee R. L. Co.* 77 Wis. 22; *Montreal R. L. Co. v. Mihills*, 80 Wis. 551.

This court has repeatedly sanctioned the propositions apparently contended for by counsel for the defendant, to the effect that, as a *general rule*, negligence is to be deduced as an inference of fact from several facts and circumstances disclosed by the evidence, after their connection and relation to the matter in issue have been traced and their weight and force considered; that in one sense it is a quality attaching to acts dependent upon and arising out of the

duties and relations of the parties concerned, and is as much a fact to be found by the jury as the alleged acts to which it attaches by virtue of such duties and relations. *Hill v. Fond du Lac*, 56 Wis. 246; *Kaples v. Orth*, 61 Wis. 533, and cases there cited. When such facts and circumstances, though undisputed, are ambiguous and of such a nature that reasonable men, unaffected by bias or prejudice, may disagree as to the inference or conclusion to be drawn from them, then the case should be submitted to the jury. *Ibid.* But when such facts and circumstances are not ambiguous, and there is no room for two honest and apparently reasonable conclusions, then the court may take the case from the jury. *Ibid.* The same rules are applicable to questions of contributory negligence. *Hoth v. Peters*, 55 Wis. 410, and cases there cited. *Hoye v. C. & N. W. R. · o* 62 Wis. 672, 67 Wis. 15.

In the case at bar the act complained of is not the mere neglect or failure to perform a duty imposed by law under a given state of facts and circumstances, but consisted in forcibly and intentionally ejecting the plaintiff from the car, under the facts and circumstances found. It appears from the special verdict that the plaintiff was warned to leave the car *after* it was in motion and before he was ejected, but it does not specifically appear therefrom that the plaintiff was so ejected while the car was moving at a high rate of speed. As indicated in the statement of the case, the complaint so alleges, and in the order for judgment and the judgment the trial court finds that all the allegations of fact in the complaint, beyond those covered by the special verdict, had been proved to be true by the undisputed evidence upon the trial. If such facts were so established by the undisputed evidence, then the court was not required to submit them to the jury; and we perceive no necessity or propriety in having a bill of exceptions for the mere purpose of showing such undisputed facts, when they can

just as well, and much better, be made to appear as in the case at bar. We must therefore regard the facts so found from the undisputed evidence as verities in the case.

Thus it appears affirmatively in the record that the plaintiff was forcibly ejected from the car by the conductor while the same was running at a high rate of speed. That such act of the conductor is highly culpable is frankly conceded. This court has recently sanctioned the direction of a verdict in favor of the plaintiff, where it appeared from the undisputed evidence that he was wrongfully ejected from the train. *Phettiplace v. N. P. R. Co.* 84 Wis. 412. Upon the same principle, it has been held, as a matter of law, that where it appears from the undisputed evidence that a passenger voluntarily and unnecessarily jumps from a rapidly moving train, and is thereby injured, he cannot recover damages therefor against the railway company. *Jewell v. C., St. P., M. & O. R. Co.* 54 Wis. 610; *Brown v. C., M. & St. P. R. Co.* 80 Wis. 162. It follows from what has been said that, if the plaintiff is to be regarded as a passenger upon the car, then the fact that he was forcibly ejected therefrom as indicated would, as a matter of law, render the defendant liable therefor in damages.

The plaintiff was, at the time of the accident, less than eleven years of age. He got upon the car by the invitation of the motorman. He was therefore not a trespasser, but lawfully upon the car. This being so, the defendant was charged with the exercise of ordinary care towards him while he so remained upon the car, unless it was relieved therefrom by reason of his peculiar relation to the company and those in charge of the car. The contention is that the complaint states no cause of action; that its allegations are to the effect that the plaintiff got upon the car by the invitation of the motorman, to assist him in his work and " to aid in operating the street railway, as a volunteer or an invited assistant to the motorman," and hence that he must be regarded, *pro illa vice,* as the co-employee of the con-

Hart vs. West Side R. Co.

ductor and motorman, and hence that the defendant cannot be held liable for the conductor's misconduct toward him. In support of such contention counsel cites numerous adjudications, and in some of them such volunteer or assistant co-employee was an infant. Assuming that one who, at the request of those in charge of an electric car, temporarily assists in the operation of such car, is to be regarded for the time being as the servant of the company and the co-employee of those so in charge of the car, still we are constrained to hold that the complaint in the case at bar fails to allege any such relationship. The substance of the complaint is set forth in the foregoing statement. It is not alleged and nowhere appears that the plaintiff had any knowledge of any habit or custom of the motormen to permit boys to ride to the switch for the purpose of turning the same or for any other purpose, nor is it alleged that the plaintiff ever rode upon such car or cars for any such purpose, or at all, nor that he ever turned or aided in turning the switch or operating the car, nor that he got upon the car at the time in question for the purpose of turning or aiding in turning the switch mentioned or any switch or in operating the car. The allegations of the complaint upon the subject all relate to the habit, custom, conduct, and purpose of the motorman and the motormen, except that the plaintiff, with the permission and consent of the motorman and in pursuance of the custom mentioned, got upon the lower step of the front platform for the purpose of riding to the switch. The manifest import of the complaint is that such motormen indulged in such habit and custom of permitting young boys to so ride upon cars "for the purpose of *inducing* such boys to turn said switch" after having reached the same or during the passage to the same. We must hold that the rule contended for has no application to the facts presented by this record.

*By the Court.*— The several orders and judgment of the circuit court are affirmed.