STILES, Respondent, vs. THE NEILLSVILLE MILLING COMPANY, Appellant.

*February 26 — March 16, 1894.*

*Liens: Foreclosure: Expert testimony: Instructions to jury: Remarks of judge.*

1. In an action to foreclose a lien for labor and materials all issues of fact may properly be determined by the court except those upon which a trial by jury has been demanded under sec. 3323, R. S.

2. In an action, by a contractor who had constructed the brick work of a mill, to foreclose a lien for his labor and materials, the plaintiff, as an expert witness, was properly allowed to testify that the work was completed as soon as practicable under the circumstances, and that a brick wall, though slightly out of plumb, was nevertheless a good job under the contract, performed in a good and workmanlike manner, and no less valuable on that account for the purpose for which it was constructed.

3. As to such wall, the court charged the jury that the defect complained of was that after it had been built to a certain height it was caused to project,— in other words, that a surplus of material was put in at a certain point, which deprived the wall of the uniform character of being straight; and further: " You are not obliged to take the testimony of any witness whose testimony seems improbable, and who has had no better opportunity to observe and judge of the strength of such a wall than you have. So, if any witness has testified here that this wall, by reason of being constructed in the manner it is, is less safe than if constructed in line, and that does not accord with your experience, observation, and knowledge of such matters, of course you will use your judgment and reject this testimony." *Held,* not error.

4. The trial judge necessarily has a large discretion in the matter of his remarks when ruling on the admission of testimony, and a judgment will not be reversed on account of such remarks unless it appears that they affected the substantial rights of the appellant or tended to his injury or prejudice.

APPEAL from the Circuit Court for *Clark* County.

On July 3, 1891, the plaintiff and defendant entered into a written agreement whereby the plaintiff agreed and undertook to furnish all material and labor, and build, erect, and construct, in a good, thorough, and workmanlike man-

ner, all the brickwork in and about the new flouring mill then in process of erection by the defendant, according to the plans and specifications therefor, and under the direction and supervision of the defendant's head millwright in charge thereof. All the material was to be good of its kind and fit for the purpose, and the building was to be in proper position and as directed, with particular specifications of the several parts. It was therein also agreed that all that the plaintiff thereby agreed to do and perform should be done and performed without delay, as soon as the defendant should have prepared the stonework, foundations, and building, so as to enable the plaintiff to proceed and complete the work as agreed, and as quickly as practicable, for the sum of $1,250, to be paid as soon as the work should be completed, and all claim for material and labor, lienable against said mill, should be provided for in such a way that the defendant should not suffer therefrom. The defendant thereby agreed to such contract, and promised to pay said sum to the plaintiff for the full and complete performance of all the provisions of said contract.

On February 12, 1892, the plaintiff filed a petition for a lien upon said property, in due form of law, for such work and materials under the contract, and also for $214.68 extra work and materials on the mill. On February 13, 1892, the plaintiff commenced this action to enforce a lien for such claims — the complaint containing the usual allegations in such cases. The defendant answered by way of admissions and denials, and alleged payments to the amount of $954.89, and also that the plaintiff did not complete the work under the contract as quickly as practicable, as required by the contract, but on the contrary unnecessarily, needlessly, and unreasonably delayed and neglected said work, and thereby delayed the completion of the mill for a considerable time after the same should have been completed and ready for business.

At the close of the trial the jury returned a verdict to
the effect that in constructing the fire wall the work was
performed in substantial compliance with the terms of the
contract; that the value of such work was $165; that the
manner of constructing such wall was not defective; that
the veneering work was a substantial compliance with the
terms of the contract; that the value of such work, as
performed, was $1,250; that there were no defects in the
manner of its· construction; that the plaintiff performed
thirty-two feet of cornice work under the contract; that
the work of laying the stone under the boilers was not
embraced in the contract; that the value of the lumber
actually used and not returned by the plaintiff, and the
use of the lumber that was returned, was $15; that the
brick work so constructed by the plaintiff was not worth
any less than the contract price on account of any failure
to construct the work as provided in the contract; that
all the work called for by the contract as performed was
reasonably worth $1,250.

Thereupon the court made certain findings of fact and
conclusions of law, to the effect that the verdict of the
jury upon the issues submitted to them was adopted and
ratified; that the plaintiff fully performed the· work and
labor and furnished all the materials by him to be fur-
nished and performed according to the conditions of the
contract, and fully completed the same, and provided
for all the claims for materials and labor lienable against
said mill in such way that the defendant would not suf-
fer therefrom, October 17, 1891, and that on that day
there became due to the plaintiff from the defendant the
sum of $1,250 for such work; that the plaintiff performed
certain extra work and furnished certain extra materi-
als, at the special instance and request of the defendant,
to the amount of $190.68; that the defendant paid to
the plaintiff upon said contract, on or before October

24, 1891, the sum of $892.82; that the defendant was entitled to certain credits mentioned; and the court found certain other admitted facts. As conclusions of law the court found that the plaintiff was entitled to judgment against the defendant for $559.61, and that the same should be a lien on the mill, as indicated, and ordered judgment accordingly. From the judgment entered accordingly the defendant appeals.

The cause was submitted for the appellant on the brief of *M. C. Ring*, attorney, and *R. J. MacBride*, of counsel, and for the respondent on that of *O'Neill & Marsh*.

CASSODAY, J. On the questions of extra work, the appellant makes no point upon this appeal. Error is assigned because the verdict of the jury does not cover all the issues in the case, and because the judgment is in part based upon the findings of the court. The statute declares that any issue of fact in such action shall, *on demand* of either party, be tried by a jury, whose verdict thereon shall be conclusive, as in other cases. R. S. sec. 3323. It appears in one part of the record that " when the case was called for trial the defendant duly demanded that the issues of fact therein be tried by a jury." There are also recitals in the findings to the effect that a jury was " demanded by the plaintiff for the trial of *certain* issues of fact;" that the court "submitted to the jury to find *certain* issues of fact;" that the jury "found a verdict covering *all* issues of fact *which either party requested* should be submitted to the jury, other issues being reserved and submitted to the court." Under the statute cited, the court was only required to submit to the jury such issues of fact as were demanded by either party. Here, it appears that all issues of fact which were so requested were so submitted. Such verdict is not to be regarded as defective merely because the court fails to submit questions not in issue or not material or not contro-

verted because admitted upon the trial or established by the undisputed evidence. *Hart v. West Side R. Co.* 86 Wis. 483. Such immaterial or uncontroverted facts may in any case be properly found by the court. *Ibid.* It is true the statute cited makes the verdict of the jury in this class of cases conclusive, the same as in actions at law; but it is to be remembered that the action is nevertheless equitable in its nature, and hence that all material and controverted questions of fact may be determined by the court, except those upon which a trial by jury has been demanded. *Moritz v. Larsen,* 70 Wis. 569; *Bentley v. Davidson,* 74 Wis. 420. If the verdict submitted was objectionable in form, or as not covering all the material and controverted facts put in issue by the pleadings, the question should have been raised in the trial court by a proper demand or request, and the ruling of the court thereon should have been preserved in the record for review. Upon the record before us, we find no error in the particulars mentioned.

The findings of the court, as well as the verdict of the jury, appear to be sustained by the evidence. What has been said disposes of several incidental questions discussed in the brief of counsel. We perceive no error in allowing the plaintiff to testify to the effect that, as soon as the defendant had prepared the stonework, foundations, and building mentioned in the contract, he went to work on the job with as many men as he could work to advantage, and so continued such work until the job was completed; that under the circumstances it was not practicable to complete the job any sooner than it was completed. The witness was an expert, and he testified as such. On cross-examination he testified to the effect that he thought the woodwork of the mill was out of plumb, and that the brick veneering which he constructed under the contract was accordingly out of plumb from a half to three quarters of an inch, and might be an inch; that nevertheless it was a good job under

the contract, and performed in a good and workmanlike manner; and then, on redirect examination, he was allowed to testify to the effect that the wall was no less valuable for the purpose for which it was constructed; that it was just as good, as far as strength was concerned. He also was allowed to testify to the effect that the wall between the engine room and the boiler was a solid wall, and that it was unnecessary for the face of the wall in that place to look well in order to make a fine job. We perceive no material error in such rulings.

Exception is taken to numerous remarks of the trial judge in his rulings upon the admission of testimony during the course of the trial. Probably, some of these expressions might better have been omitted. But it is to be remembered that the trial judge must necessarily have a very large discretion in such matters. It is not every statement or direction made by him in the presence of the jury that constitutes an instruction or charge to the jury, within the meaning of the statutes. *Gilchrist v. Brande*, 58 Wis. 191–195. It does not appear that such remarks affected the substantial rights of the appellant, or tended to its injury or prejudice, and hence there can be no reversal on such ground. *Ibid.;* R. S. sec. 2829.

Exception is taken because the court charged the jury that: "There is no evidence here to sustain the proposition, from the mouths of witnesses, that the veneered work is not substantial in character; that it will not perform the purpose for which it was intended,— but the claim is that it was imperfect, in that it does not observe the true line laterally, and not laid plumb as to its height up and down. You will determine as to that from the evidence and as you are satisfied therefrom whether the more imperfect manner in which it is alleged this work was done would deprive the work of its character of being substantial and substantially done in the manner set forth in the contract, in all

that the word should signify." In view of the evidence in the record, we cannot say that the giving of this portion of the charge was reversible error. The same is true respecting the following portions of the charge: "Now, the evidence is that this wall was of the dimensions required. It is on the place required. No fault is found with it as to one side. The defect complained of is that, after the wall had been built a certain height, it was caused to project; in other words, a surplus of material was put in at a certain point, which deprived the wall of the uniform character of being straight. That is the defect charged. I might as well charge you here, as a matter of law, that you are not obliged to take the testimony of any witness whose testimony seems improbable, and who has had no better opportunity to observe and judge of the strength of such a wall than you have. So, if any witness has testified here that this wall, by reason of being constructed in the manner it is, is less safe than if constructed in line, and that does not accord with your experience, observation, and knowledge of such matters, of course you will use your judgment and reject this testimony." Exception is taken because, in stating the contention on the part of the plaintiff, the court observed: "There being no dispute but what *the wall itself*, in its alignment, is parallel with its base, but there is a depression or deflection, as I understand it, towards the corners of the wall,— project out further than the center,— and, by drawing a line from the corners of this work as it is now built, that there will be at some point at the center, or near the center, a difference between the line and building of an inch and a half or two inches, whatever the evidence satisfies you to be the fact." The evidence seems to warrant this statement.

We find no error affecting the substantial rights of the defendant in the record.

*By the Court.*— The judgment of the circuit court is affirmed.