Brown, Respondent, vs. Warner and another, Appellants.

*December 19, 1902—January 13, 1903.*

*Evidence: Account books: Admissibility: Statutes: Appeal and error: Material error: Limitation of actions: Instructions to jury.*

1. Secs. 4186, 4187, Stats. 1898, make an account book, when verified in the manner there prescribed, presumptive proof of the charges therein contained, but provide that such books shall not be admitted as testimony of any item of money delivered at one time exceeding five dollars, or of money paid to third persons. In an action on contract plaintiff was allowed, against proper objections, to introduce in evidence, generally, as proof of his cause of action, an account book, not verified as the statute required in several material particulars, and containing charges for money paid at one time exceeding five dollars, and also charges of money paid to third persons. *Held*, that it was error to receive the book in evidence without any limitation whatever as to its evidentiary effect.

2. Such error is not immaterial because defendant admitted on the trial that the plaintiff was entitled to recover the full amount demanded in his complaint, if he was entitled to recover at all, where it appears that the book may have been considered by the jury on the issue respecting the nature of the contract, and have turned the scale in plaintiff's favor.

3. Where the question of whether plaintiff's claim was barred by the statute of limitations turned upon whether he was authorized by defendants to apply certain rents in his hands, belonging to them, in part payment of their indebtedness to him, it was proper to admit in evidence letters from a third party to defendants, requesting them to make certain payments to persons named, together with certain receipts to plaintiff therefor, plaintiff having testified that by authority of defendants he executed the requests contained in such letters, by collecting rents for defendants and making the payments therewith, taking therefor the receipts in his own name.

4. Remarks of the court in overruling objections to the introduction of such letters and receipts, that "whether plaintiff had authority to collect the rent or not is not very material when we come right down to it," criticised, and *held* to be language tending to confuse the jury.

APPEAL from a judgment of the superior court of Milwaukee county: J. C. LUDWIG, Judge. *Reversed.*

Action to recover on contract. Plaintiff's claim was that he performed services for defendants in selling, exchanging and trading real estate at the agreed price for such service of $1 for each acre handled, and his expenses, including railroad fare and hotel bills incurred in the business; that the amount handled was 360 acres; that the expenses incurred were $36; that defendants became indebted to him by reason thereof in the sum of $396, which became payable on or before May 5, 1894; and that the same remained unpaid when the action was brought, except $131. Judgment for the balance was demanded.

Defendants denied the contract declared on, but alleged that plaintiff and defendants jointly performed services in handling lands for one McMillan, for which the latter agreed to pay the three a portion of such land for their services, plaintiff to have one-third thereof; that plaintiff collected $131 rent from the joint property so received, and wrongfully converted the whole to his own use, though $65.67 thereof belonged to defendants. They counterclaimed for that amount. Defendants further alleged that plaintiff's cause of action, if he had one, accrued more than six years before the commencement of this action, and that the same had not been, during such time, acted upon by him or recognized by defendants.

The evidence was conflicting as to the agreement between plaintiff and defendants, but not as to the performance of services in handling lands to the amount claimed. It was conceded at the close of the evidence, that if he was entitled to recover at all he was entitled to the amount claimed. There was proof that $131 was collected by plaintiff from rents, and that all of said sum belonged to the defendants. The evidence was conflicting as to whether plaintiff was authorized to collect such rent and apply the same in payment of defend-

ants' indebtedness to him. The jury found specially in plaintiff's favor on all matters of fact. Judgment was rendered accordingly.

For the appellants there was a brief by *Wheeler & Perry,* and oral argument by *Lyman, G. Wheeler.*

For the respondent the cause was submitted on the brief of *John H. Paul.*

MARSHALL, J. From the foregoing statement it will be seen that the primary vital question to be solved upon the trial of this case was, Did the parties to the litigation make the contract alleged in the complaint? Plaintiff was allowed to introduce in evidence, generally, to prove his cause of action, an account book in which transactions were entered in debit and credit form, as having occurred between him and defendants, in harmony with his testimony as to what the contract was. It is not claimed that the book was admissible as independent evidentiary matter other than under secs. 4186 and 4187, Stats. 1898. The first section makes an account book, when verified in the manner prescribed, presumptive proof of the charges therein contained, subject to this limitation contained in the second section:

"Such books . . . shall not be admitted as testimony of any item of money delivered at one time exceeding five dollars, or of money paid to third persons, or of charges for rent."

The book here was not verified as the statute required in several material particulars not necessary to enumerate. It contained charges of money paid at one time exceeding $5, and of money paid to third persons. Nevertheless it was received in evidence against proper objections, without any limitation whatever as to its evidentiary effect. That was error.

Respondent's counsel suggests that the ruling of the court above disapproved was not harmful to appellants in any event, because they admitted upon the trial that respondent was

entitled to recover the full amount claimed in the complaint if he was entitled to recover at all, leaving only to be determined two questions: First, was the contract between the parties as alleged by plaintiff? Second, was the cause of action upon the contract kept alive by payments made thereon within the six years immediately preceding the commencement of the action? Such suggestion would satisfactorily answer the assignment of error on this branch of the case were it not for the fact that the evidentiary effect of the book was not limited, either by the offer thereof or the ruling of the court admitting it. It is considered that the book may probably have been considered by the jury, under the circumstances, on the issue respecting the nature of the contract, and have turned the scale in plaintiff's favor. On that, it was clearly incompetent evidence. It was in the nature of a mere declaration by plaintiff in his own favor, not within any exception to the general rule excluding such declarations. Therefore, we cannot avoid the conclusion that the ruling of the court constitutes reversible error.

The court permitted two letters, written by B. F. McMillan and brother to *E. E. Warner,* one of the appellants, to be admitted in evidence against objection by respondent's counsel. One contained a request to *Mr. Warner* to pay a person named $31.50, and the other contained a like request as to another person for the payment of $17.50. Together with the letters there were admitted, under objection, two receipts. The letters and receipts, with the evidence of plaintiff, were to the effect that the latter, by authority of appellants, executed the request contained in such letters by collecting rents for the former and making the payments therewith, taking therefor the receipts in his own name. In the course of remarks overruling the objection to the introduction of the letters and receipts, the court used this language:

"It [referring to such evidence] is simply allowed for the purpose of showing just what the relations of the parties were,

and as to either supporting or contradicting evidence that came in. It is not very material. . . . It has a bearing upon the relations of the parties. . . . It simply goes to the question of whether he had authority to collect the rent, which is really immaterial in the case when we come right down to it."

Complaint is made, both of the ruling admitting the letters and receipts, and of the remarks. The papers, in connection with plaintiff's evidence, did have a bearing on the question of whether he had authority to collect rent for defendants. That seems plain. They were entitled to be received on that theory. The remarks of the court were only to the effect that they were received for that purpose. Since the question of whether plaintiff's claim was barred by the statute of limitations turned on whether he was authorized by defendants to apply rent in his hands belonging to them in part payment of their indebtedness to him, it was certainly proper, not only to show that the money rightfully came to his possession, but that he possessed the requisite authority to apply it to his own use as he did. It is not entirely clear what the court meant in saying that "whether plaintiff had authority to collect the rent or not is not very material when we come right down to it." That remark better have been omitted. If the idea the judge had in mind was that the turning point was not whether plaintiff had authority to collect the rent, but whether he had authority to apply the same upon the alleged indebtedness of defendants to him, he was right, though we must confess the language used tended to confuse. We repeat, the remarks better have been omitted, though we are not prepared to hold that the making thereof is prejudicial error.

For the error in admitting the book in evidence without its being properly verified and the evidentiary effect thereof properly limited, the judgment must be reversed and the cause remanded for a new trial.

*By the Court.*—So ordered.