McGOWAN, Respondent, vs. CITY OF WATERTOWN, Appellant.

*January 11—January 29, 1907.*

*Trial: Colloquy between court and counsel: Appeal and error: Prejudicial error: Municipal corporations: Streets: Negligence: Personal injuries: Special verdict: Refusal to submit requested questions: Parties: Joinder.*

1. It is competent for the trial judge in a mere colloquy with counsel, instigated by the latter, to test the contention of counsel by inquiry or counter suggestion, and expression of an erroneous opinion by the trial judge to counsel during such discussion, although in the presence of the jury, except in rare cases of obvious prejudice, is not ground of reversal when the conclusion finally reached and carried into effect, either by ruling. on evidence or instruction to the jury, is correct.

2. An excavation, consisting of a sewer trench, in the traveled part · of a highway is a defect unless guarded by sufficient barriers.

3. In an action for injury received from driving into a sewer trench, the court submitted as one question of the special verdict the following: Was the street in a reasonably safe condition for public use? and this question, together with the next relating to notice and time to remedy defects, under the instructions is *held* to fully cover and include all the elements asked to be submitted by three requested questions, whether the trench was guarded by the use of proper lights or otherwise, so as to prevent danger; whether such lights or either of them had been removed or extinguished; and whether, if so, that was due to negligence of the defendant. The three requested questions were mere cross-examination of the jury.

4. In such action the defendant is not prejudiced by the refusal of the court to join as defendants the persons who, under license from the city, dug the trench, and who, by virtue of the city ordinances and a bond, were required by the city to take certain specified precautions and to reimburse the city for any damages which might fall upon it by reason of their default. therein.

5. In such case the liability of such third parties was at best secondary, a liability on contract to the city, and their presence or absence in the action could have no effect upon the rights of the plaintiff or the liability of the city to him.

APPEAL from a judgment of the circuit court for Dodge county: JAMES J. DICK, Circuit Judge. *Affirmed.*

Action to recover for injury resulting from defect in highway, occurring on the night of May 13, 1905. It was alleged and established that on the 12th and 13th of May a trench was dug from the west curb of North Washington street to a point east of the center of the street to connect with the sewer therein by persons licensed to do so by the city but in the employ of private individuals. Between 9 and 10 o'clock on the evening of the 13th—a dark and stormy evening—the plaintiff was driving his horse in a two-wheeled cart northward on that street, with no knowledge of the existence of such trench. He saw a red lantern somewhat east of the middle of the street and turned his horse to the west side and drove into the ditch, whereby the horse was killed and the cart and harness damaged. There was evidence that the diggers had placed a red lantern at the eastern extremity of the trench and also one at the west end near the curb, and some evidence that they placed barriers at the easterly end. The height of the bank of earth adjoining the trench was in some dispute, and whether the westerly lantern was burning at the time of the accident, also the extent to which the place was lighted by an electric street light 185 feet away, but claimed to be obstructed by foliage. The court first, on application of defendant, made order joining as defendants the persons who dug the trench, but at the commencement of the trial vacated such order. A special verdict was taken wherein the jury found that (1) plaintiff suffered the injury; (2) the street at the place was not in a reasonably safe condition for public use; (3) the officers of the city had notice of such insufficient condition for a sufficient length of time to have placed and maintained the street in a reasonably safe condition for public use by the exercise of reasonable diligence; (4) such insufficient condition was the proximate cause of the injury; (5) plaintiff was not guilty of contributory negli-

gence; and (6) damages. After overruling a motion to set aside this verdict, judgment was entered thereon in favor of the plaintiff for the amount found, from which the defendant appeals.

*C. A. Kading,* city attorney, and *M. L. Lueck,* of counsel, for the appellant.

*Harlow Pease,* for the respondent.

DODGE, J.   1. The first assignment of error is predicated upon certain remarks of the court apropos of a discussion by counsel as to the admissibility of an ordinance requiring that drain layers should guard any excavation in the streets by barriers and lighted lamps. Counsel for plaintiff summarized the provisions of the ordinance as requiring that any opening be inclosed with sufficient barriers, etc., and the court said, "that is declaratory of the common law." Counsel for defendant: "We object to the remarks of the court." By the court: "The whole question is for the jury to say whether they were negligent or not; a barrier is not necessarily a protection, it must be a sufficient barrier. I have charged it in several cases that have gone up and been sustained"—to which remarks the defendant excepted. This assignment of error cannot be sustained. This was merely colloquy between court and counsel, instigated by the latter, in which it was certainly competent for the court to test the contention of counsel by inquiry or counter suggestion. While the jury were present, there being no request for their withdrawal, these remarks were not addressed to them, but their duty was fully explained to them in the charge to consider all the evidence as to the situation, presence or absence of lights and of barriers, and sufficiency of the latter, and therefrom to reach the conclusion whether the street at this place was in a reasonably safe condition for public use. Under the instructions given, the jury were permitted to find the street safe even though no barriers had been erected. The expression of an erroneous opinion by

the court to counsel during a discussion, although in the presence of the jury, except in rare cases of obvious prejudice, cannot be ground of reversal when the conclusion finally reached and carried into effect, either by ruling on evidence or instruction to the jury, is correct. *Gilchrist v. Brande,* 58 Wis. 184, 192, 15 N. W. 817; *Stiles v. Neillsville M. Co.* 87 Wis. 266, 271, 58 N. W. 411; *Baker v. State,* 88 Wis. 140, 156, 59 N. W. 570; *Owen v. Long,* 97 Wis. 78, 83, 72 N. W. 364; *Brown v. Warner,* 116 Wis. 358, 362, 93 N. W. 17. In such discussions it is essential that the court have the fullest opportunity to understand and test positions assumed by counsel, and, to that end, to put hypothetical questions, suggest counter arguments, and the like, though of course this should be done carefully when in the presence of the jury, and in such a way as not to convey to them an impression that the court has formed an opinion on a subject properly within their province. Another reason why this assignment of error must be overruled is that the rule of law announced by the court that an excavation such as this in the traveled part of a highway is a defect unless guarded by sufficient barriers is fully sanctioned by the decisions of this court. *Kenworthy v. Ironton,* 41 Wis. 647, 656; *Prideaux v. Mineral Point,* 43 Wis. 513, 523; *McGrath v. Bloomer,* 73 Wis. 29, 31, 40 N. W. 585.

2. The next assignment of error is predicated on the refusal of the trial court to submit to the jury in the special verdict questions whether the trench was guarded by the use of proper lights, or otherwise, so as to prevent danger; whether such lights or either of them had been removed or extinguished; and whether, if so, that was due to negligence of the defendant. In present case this was mere cross-examination of the jury. The question submitted was whether the street "was in a reasonably safe condition for public use;" and this question, together with the next relating to notice and time to remedy defects, under the instructions, fully covered and included

all of the elements asked to be submitted by these three questions. The jury were told to consider what barriers had been erected, what lamps had been supplied, and whether those lamps or either of them had become extinguished, and whether, as they found all of such facts to be, the result was a condition of reasonable safety for persons traveling the street in the exercise of due care; also whether such insufficiency as they found to exist had occurred so recently as to excuse defendant from curing it. The form of the special verdict is very much in the discretion of the court, and, in all ordinary cases of injury from alleged defects in highways, the question submitted by the court is sufficient to cover all the elements suggested by these requested questions. *Mauch v. Hartford,* 112 Wis. 40, 87 N. W. 816; *Byington v. Merrill,* 112 Wis. 211, 88 N. W. 26; *Baxter v. Krainik,* 126 Wis. 421, 105 N. W. 803. True, there may be facts put in issue by the pleadings of such a character that, in the absence of request for their special submission, they might be deemed covered adequately by the general question, but which should be submitted by separate question if so requested. *Schrunk v. St. Joseph,* 120 Wis. 223, 229, 97 N. W. 946; *Jenewein v. Irving,* 122 Wis. 228, 235, 99 N. W. 346, 903; *Olwell v. Skobis,* 126 Wis. 308, 105 N. W. 777. But those now under consideration are not at all of that character. In the first place, the existence or nonexistence of a light or lights is not in issue by the pleadings, the only allegation therein being the existence of a trench not properly inclosed or guarded by other proper precautions, which is met merely by the general denial. Besides, the jury were so carefully instructed that they must have passed upon these questions in answering the general question which was submitted to them by the court.

3. We can discover no ground for reversal in the error assigned upon ultimately refusing to join as parties defendant the persons who, under license from the city, dug this trench, and who, by virtue of an ordinance and bond, were required

by the city to take certain specified precautions and to reimburse the city for any damages which might fall upon it by reason of their default therein. The liability of such third parties was at best secondary, and was a liability on contract to the city. Their presence or absence in the present action could have no effect upon the rights of the plaintiff or the liability of the city to him. Hence the defendant is in no wise prejudiced by the refusal of the court to join them as additional defendants, even if such joinder were permissible, which we do not decide.

We find no prejudicial error, and, therefore,

*By the Court.*—Judgment affirmed.