DAHL, Appellant, vs. H. C. CROOK REALTY COMPANY, imp., Respondent.

*May 12—June 20, 1932.*

For the appellant the cause was submitted on the briefs of *Robert V. Baker* of Kenosha.

For the respondent there was a brief by *Hammond & Jones* of Kenosha, and oral argument by *W. H. Hammond.*

WICKHEM, J.   While this case involves a record of nearly 1,300 typewritten pages, a printed case of 532 pages, and a supplementary case of thirty pages, it presents a very narrow question concerning the admissibility of evidence. It is contended by the appellant that the referee's report is based upon the testimony of witnesses who read into evidence the defendant's books of account, and that the reliance by the referee upon this testimony was the basis for the disposition of a balance of $60,930.03 which would other-

wise have belonged to the plaintiff. It is further contended that the books were inadmissible under the provisions of sec. 327.24 (3) of the Statutes. This subsection provides with respect to the account books of parties:

"(3) Such books shall not be admitted as proof of any item of money delivered at one time exceeding five dollars, or of money paid to third persons, or of charges for rent."

Sub. (1) of the same section provides:

"The account books of a party to an action or proceeding shall be received as *prima facie* proof of the charges therein contained. . . ."

It is respondent's contention that sec. 327.24 merely regulates the weight or effect to be given to the books of the parties, and that the third subsection must be read in connection with the first, thus indicating a statutory intent that "books shall not be admitted as *prima facie* proof of any item of money," etc. It is not necessary to express an opinion as to the validity of respondent's contention. The books were not received in evidence as a party's account books upon the statutory qualifications of the books. They were used in two ways. The bookkeeper testified that a number of the cash items involved were entered at the direction of the plaintiff and defendant and in their presence. With respect to some of the items the bookkeeper had an independent recollection of the transaction. With respect to others, the bookkeeper had no present recollection but testified that the transactions were correctly entered as reported to the bookkeeper. The defendant Crook testified to having directed the entry of all items which were not given to the bookkeeper in the presence of the plaintiff, and verified their correctness. Thus it is evident that the books were used merely as memoranda, either to refresh the recollection of the bookkeeper as to those transactions of which the bookkeeper had personal knowledge, as where plaintiff and de-

fendant were both present, and plaintiff admitted the transaction by joining in defendant's direction to enter the charge; or as records of the past recollection of both the defendant Crook and the bookkeeper, in cases where recollection of the transaction entered was not refreshed by the entry. Under these circumstances it was proper to permit the witnesses to testify with the aid of the entries where the entries were effective to refresh the recollection of the witness, or to read the entries where they were shown to constitute the record of a past recollection. The fact that the entries were in the handwriting of the clerk or bookkeeper would not prevent them from being proper records of the defendant's past recollection. *Riggs v. Weise,* 24 Wis. 545; *Hazer v. Streich,* 92 Wis. 505, 66 N. W. 720. In *Bourda v. Jones,* 110 Wis. 52, 85 N. W. 671, this court said:

"A witness, in testifying, may properly use a memorandum which he knew when made, or by subsequent verification thereof, to be correct, even though he does not possess present remembrance of the correctness of the matters referred to therein, after seeing the paper and examining it, and even though the writing is not one that the witness made himself. In such a case, if the witness, after using the paper to refresh his memory, cannot state the facts readily from personal recollection, but can state that he knows the paper was in accordance with the truth when it was made, it may be put in evidence as a part of his testimony."

In *Manning v. School District,* 124 Wis. 84, 102 N. W. 356, it is stated that in cases where the paper constitutes the record of a past recollection, it may be received as a part of the witness' testimony rather than as an independent evidentiary document.

Reliance is had by the plaintiff upon the case of *Winner v. Bauman,* 28 Wis. 563. In that case the parties had a running account consisting mainly of goods bought by the defendant of the plaintiffs and payments made on account.

On the trial of the action defendant produced certain account books purporting to contain the account of all goods and merchandise which he had bought of plaintiffs, and also payments made by him on account, each of the payments being more than five dollars. The court admitted the books over the objection of the plaintiffs, instructed the jury that such account books were *prima facie* evidence or proof of the charges therein contained, and refused to qualify the instruction with respect to the items contained therein of goods purchased by the defendant of the plaintiffs, and of moneys paid to them exceeding five dollars at any one time, as requested by the plaintiffs. Judgment was reversed, the court stating that the account books of the defendant, having been received and admitted in evidence by the court *without qualification,* were *prima facie* proof that the defendant had paid the plaintiffs $14,500 in cash, although the entries showing the payments in each case exceeded five dollars. It was claimed that inasmuch as the defendant testified independently of the books that he made such payments, the error was immaterial. This suggestion was repudiated because of the fact that the statutes provide the effect of the books when received. It makes them *prima facie* evidence in proof of the charges therein contained. In view of the weight that the statute gives to the books when admitted, the error in admitting them was held to be prejudicial. It will be noted, however, that in this case the books were admitted in evidence and the *prima facie* provisions of the statute put into operation both by admitting the books and by instructions as to the effect of the statutes.

In *Brown v. Warner,* 116 Wis. 358, 93 N. W. 17, an action to recover on a contract, the sole question was whether the contract was made by the parties. Plaintiff was allowed to introduce in evidence, *generally,* an account book. It was not claimed the book was admissible as independent

evidentiary matter except under the account-book statute, which provided that account books of a party shall not be admitted as testimony of any item of money delivered at one time exceeding five dollars. The book was not verified as required by the statute. It was suggested that the ruling was not harmful to appellants because they admitted on the trial that the defendant was entitled to recover the full amount, if anything at all, leaving only two questions: First, was the contract between the parties as alleged by plaintiff? Second, was the cause of action upon the contract kept alive by payments made thereon within the six years immediately preceding the commencement of the action? The court states that such suggestion would satisfactorily answer the assignment of error were it not for the fact that the evidentiary effect of the book was not limited, either by the offer thereof or the ruling of the court admitting it.

Neither case governs the instant case, for the reason that the books in this case were merely used as memoranda and were not actually put in evidence. The fact that memoranda used to refresh recollection or as the record of a past recollection happens to be contained in a party's book of account does not subject the testimony to the limitations of the account-book statute. The testimony in such cases is that of the witness, and the books are not offered in evidence as independent testimony.

There being no error, the judgment must be affirmed.

*By the Court.*—Judgment affirmed.