LUCIUS L. DAY, impleaded with Larkin B. Day and James T. Robinson, Appellant, *v.* HUGH GELSTON, Appellee.

APPEAL FROM PEORIA COUNTY COURT.

If a party relies upon the promise of a witness to be present at a trial, he cannot obtain a continuance if the witness does not attend.

If three parties are served with process, and only one appears and pleads, the others being in default, on a judgment being entered against the party pleading, if he appeals, it is no defense to either of the others that such appeal is pending; that fact does not deprive the Circuit Court of jurisdiction as to the other defendants. In such a case a *scire facias* need not be issued against the parties in default; proceedings can be had against them upon the process of summons already served.

GELSTON filed his declaration in Peoria County Court against Lucius L. Day, Larkin B. Day and James T. Robinson.

The declaration has one count, on a note dated November 25, 1856, for $1,281.90 at twelve months.

Appellant filed three pleas.

1. General issue.

2. Payment.

3. That the note sued on was given for carpets, which at the time were represented and warranted, by appellee, to be sound and in good order, perfect in style and pattern; and that appellant relied on the warranty, and was thereby induced to purchase the carpets. That the carpets were unsound and rotten, damaged, torn, soiled, injured and imperfect in style and pattern, by which appellant sustained damages to the amount of $1,000, which he offered to off-set, etc.

Issue was joined on the first and second pleas.

To the third plea, appellant replied that he did not make any false, fraudulent or deceitful representations, and did not represent the carpets to be sound and in good order, or perfect in style and pattern.

The second replication to the third plea was withdrawn.

At the June term, 1858, the cause was continued by agreement of the parties.

At the July term, 1858, Larkin B. Day moved for a continuance, and filed his affidavit in support of the motion. The affidavit was as follows:

*L. B. Day*, on oath says, that he cannot safely proceed to trial at this term of this court, on account of absence of H. C. Willard, who is a material witness for him; that he expects to prove by said witness that the carpets mentioned in the pleas were not perfect in pattern, etc.

He further states that said witness is a resident of this city, and promised deponent to attend this court as a witness, and deponent relied on said promise, and did not cause him to be summoned; that he has no other witness by which he can so fully prove the same fact. That some few days since said witness left the city of Peoria unexpectedly to deponent, and before deponent had any knowledge of such intention on the part of witness, and before deponent had a summons issued. That deponent is informed and believes said witness is only

temporarily absent, and will return in time to attend at next term of this court, etc.

The court overruled the motion, and defendant excepted.

The court then called the case for trial, and a jury being waived, the court found for the plaintiff below, and rendered judgment against Lucius L. Day, alone, for $551.95; and he excepted.

Lucius L. Day entered a motion for a new trial, which was overruled. He then prayed an appeal, and filed bond. On the 26th day of July, 1858, a *scire facias* issued for Larkin B. Day and James T. Robinson, and returned served July 29, 1858.

Larkin B. Day and James T. Robinson filed two pleas.

1. That they ought not to be made parties to said judgment against Lucius L. Day, because said judgment is appealed from and is pending in the Supreme Court.

2. That they are not indebted to said Gelston.

The court sustained a demurrer to the first plea, and defendants excepted.

On a trial of the cause to the court, the plaintiff below offered in evidence the judgment against Lucius L. Day, and the note; the defendant excepted.

The court then ordered L. B. Day and Robinson to be made parties to the judgment, and the latter excepted.

Appellant now assigns the following errors on the record:

1. The court below erred in overruling the motion for a continuance.

2. The court below erred in rendering judgment against appellant without taking a default or dismissing the cause as to Larkin B. Day and Robinson.

3. The judgment was too much.

4. The court below erred in overruling a motion for a new trial.

5. The court below erred in sustaining the demurrer to the first plea of L. B. Day and Robinson.

6. The court below erred in rendering judgment against L. B. Day and Robinson.

7. The court below erred in not extending the demurrer back to the *scire facias*.

8. The court below admitted improper evidence on the part of the appellee.

H. GROVE, for Appellant.

H. M. WEAD, for Appellee.

Chicago and Rock Island Railroad Co. *v.* Whipple.

CATON, C. J.    L. B. Day, one of the defendants below, moved for a continuance of the cause on the ground that a material witness was absent who had promised to attend, but had not been subpœnaed.    The court overruled the motion, and we think properly.    If a party chooses to take the promise of a witness that he will attend, and on that account neglects to subpœna him, he has no right to ask a continuance on account of his non-attendance.    If he will rely upon the promise, he must run the hazard of its being broken.

All three of the defendants were served with process.    L. L. Day alone appeared and pleaded, and upon the trial the issues were found against him.    By some omission no default was taken against the other defendants, and judgment was rendered against L. L. Day alone, who appealed that judgment to this court.    A *scire facias* was then sued out to the next term of the Circuit Court against the other defendants, which was served and one of them appeared and filed two pleas, first, that L. L. Day had appealed the judgment against him to the Supreme Court where it was still pending, and second, non-assumpsit.    To the first plea, a demurrer was sustained, and the issue on the second, was found for the plaintiff; whereupon the court made the two last defendants parties to the judgment, formerly rendered against L. L. Day.    The demurrer was properly sustained to the first plea.    The pendency of the appeal upon the judgment against L. L. Day, did not deprive the court below, of jurisdiction as to the other defendants.    As to them, the cause was still undisposed of in the Circuit Court, and it stood continued under the general order, and it was unnecessary to have brought them in by *scire facias*.    They were still in court, and at the next term it was the duty of the court to dispose of the case finally, either by defaulting them, or trying such pleas as they should present.    We find no error in the record, and the judgment is affirmed.

*Judgment affirmed.*