LANGENER *et al., Appellants,* v. PHELPS.

Practice: CONTINUANCE.   An application for a continuance on account
of the absence of a material witness, who lives beyond the juris-
diction of the court, should show that due efforts were made to
obtain his deposition; and, if it appears that he was present during
the term at which the trial was had, it should show that a subpœna
has been served upon him; the subsequent sickness of the witness
and his inability to attend after return to his home upon an adjourn-
ment of court for two weeks, preventing compliance with his prom-
ise, and disappointing the expectation that he would be present at
the trial, does not entitle a party to a continuance.

*Appeal from Buchanan Circuit Court.*—HON. J. P. GRUBB,
                    Judge.

AFFIRMED.

The application for a continuance, was as follows: "Come now the above named plaintiffs and move the court to grant a continuance of this cause till the next term of this court on account of the absence of a material witness, and in support of such motion the plaintiff, Ernst Langener, being duly sworn on his oath deposeth and saith, he cannot safely go to trial at this time on account of the absence of Fred. Reischel, a witness for plaintiffs, who resides in Doniphan county, in the state of Kansas; that the testimony of said Reischel is material in this cause; that no other witness is in attendance or known to plaintiffs whose testimony could have been procured in time or at all, upon which plaintiffs can safely rely to prove the particular facts that said absent witness is expected to prove; that plaintiffs believe they cannot safely go to trial without the testimony of said absent witness; that said Reischel is not absent by the consent, connivance or procurement of the plaintiffs, or either of them; that said Reischel has been here in attendance upon this court at the present term, at the request of the plaintiffs, for the purpose of giving his testimony in this cause; that upon the adjournment of this court on January 25th last past, said witness went to his home in Doniphan county, and since said time he has been taken sick and is now confined in and unable to leave his house; that plaintiffs notified him to attend upon this court Monday of this week, and on said day the plaintiff Langener received the letter hereto annexed written by August Schmohl, whose handwriting is known to the affiant, and the said letter is in the handwriting of said Schmohl and came to affiant by due course of mail. Said letter is in the German language, and a correct translation thereof is as follows: 'Troy, Kansas, 10 February, 1879. Langener: I am requested by Fred. Reischel to write you that it is impossible for him to come to St. Joseph and testify for you in your case, for he can't move his limbs. I have got no work yet. Hoping to get some. If not, I will be in St. Joe in a short time. August Schmohl.' Affiant knows

said Schmohl, and that he is a responsible and truthful person; that but for said Reischel's sickness he would be here in attendance to testify in this cause. The plaintiffs have not taken his deposition for the reason that they expected him to be present at the trial, as he has been until the adjournment of this court two weeks ago Monday last; that if a continuance be granted, plaintiffs believe they can and will have said witness or his testimony present, at the trial of this cause at next term of this court; that this application is not made for vexation or delay, but for the purpose of having a fair trial; that this is the plaintiffs' first application for a continuance in this cause."

*Vinton Pike* for appellants.

*E. C. Zimmerman* for respondents.

SHERWOOD, C. J.—The application for a continuance was very properly denied. Not a particle of diligence was used by plaintiffs. The witness lived in a foreign jurisdiction, yet no effort was made to be ready for trial, by taking his deposition. Nor when he came within the jurisdiction of the court, was any subpœna served upon him. The fact that he was present at a previous time during the term and trial, and that he promised, as it is said, to return and testify when the cause came on for hearing, can be of no more avail than if the witness were a resident of this State. A party who, instead of relying on legal process, chooses rather to rely on the promise of his witness, has no ground of complaint if such promise does not pass as currently with the court as it did with himself. These remarks are made as if a promise had really been given by the witness to return as stated; but the affidavit for the continuance, which is to be taken most strongly against the affiant, will not admit so liberal a construction. We affirm the judgment. NORTON and RAY, JJ., concur; HOUGH and HENRY, JJ., dissent.