No. 14,133.

MOULDER v. KEMPFF.

CONTINUANCE.—*Motion for.—Discretion of Court.—Practice.*—A motion to postpone or continue a cause is addressed to the discretion of the trial court, and a judgment will not be reversed on account of a ruling upon such motion, unless it very clearly appears that the discretion of the court has been erroneously exercised.

SAME.—*Absence of Attorney.*—A judgment will not be reversed because a postponement or continuance was refused on account of the absence at the trial of the principal or only attorney, unless it is made to appear affirmatively that some real injustice was probably done by such refusal.

SAME.—*Agreement of Parties.—Sanction of Court.*—An agreement by the parties thereto that a cause shall be postponed, does not operate as a postponement, without the sanction of the court, nor is the court bound by such an agreement.

CHANGE OF VENUE.—*Rule of Court.*—As a general rule, it is not error to overrule a motion for a change of venue made after the time fixed by a rule of the court within which such motions shall be made.

From the Clinton Circuit Court.

*J. C. Blackledge, W. E. Blackledge* and *B. C. Moon*, for appellant.

*F. Cooper*, for appellee.

NIBLACK, C. J.—This was an application by Martz Kempff to the board of commissioners of the county of Howard for a license to sell intoxicating liquors in a less quantity than a quart at a time in the town of Russiaville in that county. Section 5314, R. S. 1881.

Thomas M. Moulder remonstrated against the granting of a license to Kempff, upon the grounds that he had formerly been connected with the sale of intoxicating liquors at the place described in his application, and that during that time he and his partner in the business had kept a disorderly house; also, that on a day named he, the said Kempff, had been guilty of selling intoxicating liquors by retail without a license.

The board of commissioners, after hearing the evidence, refused to grant a license. Kempff thereupon appealed to the Howard Circuit Court, where, upon his motion, the venue of the cause was changed to the county of Clinton. On the first day of the next term of the Clinton Circuit Court,. which began on Monday, the 7th day of November, 1887, the cause was, in the absence of both Moulder and his counsel, set down for trial on the succeeding Monday, the 14th day of the same month. On the day following, that is, on the 8th day of November, 1887, H. C. Sheridan, one of Kempff's attorneys, who resided at Frankfort, in Clinton county, wrote to Blackledge & Brother, attorneys, residing at Kokomo, in Howard county, and who were leading counsel for Moulder, informing them as to the time at which the cause had been set for trial, and suggesting to them that if the time named would not suit them they had better see James F. Morrison, of Kokomo, Kempff's senior counsel, and get him to agree to some other time. Soon after the receipt of this letter Morrison, acting on the one side, and Blackledge & Brother, on the other, entered into an agreement in writing that the cause should be postponed and set for trial on Monday, the 21st day of the month named, and mailed it to Sheridan at Frankfort.

On Monday, the 14th day of November, 1887, B. C. Moon, of Kokomo, appeared in the Clinton Circuit Court as attorney for Moulder, and presented an affidavit made by James C. Blackledge, a member of the firm of Blackledge & Brother, stating that he had been and still was the principal attorney and counsellor of Moulder in the management of his defence; that his engagements in the Howard Circuit Court in the trial of causes were, at the time, such that it was impossible for him to prepare the cause for trial on that day; that, relying upon the agreement between Morrison and his firm for the postponement of the cause until the 21st day of that month, a statement of the circumstances which led to it having been submitted, and being restrained by engage-

Moulder v. Kempff.

ments in other courts, the attorneys for Moulder had not caused the witnesses on his behalf to be subpœnaed, and had not prepared the cause for trial, and, in consequence, could not then try the same; that the affidavit was not made for delay merely, but that justice might be done.

Upon this affidavit Moon moved that the cause should be postponed until some future day, naming a day on which no cause was pending for trial, or be continued until the next term, but his motion was overruled, and he was required to at once proceed with the trial of the cause.

Moulder then filed his affidavit for a change of venue from the county, for the alleged reasons: First. That Kempff had an undue influence over the citizens of the county. Secondly. That an odium attached to his, the said Moulder's defence in the cause on account of local prejudice, but his application was overruled upon the ground that there was a rule of the Clinton Circuit Court which required applications for a change of venue to be filed at least one day before the day on which the cause was set for trial.

After hearing the evidence, the circuit court found in favor of Kempff upon all the matters necessary to sustain his application for a license, and, after overruling a motion for a new trial, gave judgment in his favor, concluding with an order that the auditor of Howard county should issue to him a license in accordance witn his application.

The first question made in argument is upon the refusal of the circuit court to either postpone or continue the cause. It is conceded that the propriety of postponing or continuing, or of refusing either to postpone or to continue a cause, rests very largely in the discretion of the court, and that a judgment ought not to be reversed on account of a decision in respect either to a postponement or a continuance, except where it very clearly appears that the court's discretion has been erroneously exercised. But it is claimed that the case presented is one in which the discretion of the court was obviously abused.

The absence of the principal counsel in a cause may justify its postponement or continuance, dependent upon the circumstances attending his absence, and his peculiar relation to the cause, but a judgment will not be reversed because a postponement or a continuance was refused on account of the absence at the trial of the principal attorney, or only attorney in the cause, unless it be made to appear that some real injustice was probably done by the refusal. It is not error to overrule a motion for postponement on account of the absence of the principal attorney where the party has other attorneys, unless it appears that he had not time to consult his other attorneys and to give them full information as to the nature of his case. 1 Works Pr., sections 738, 749 ; *Belck* v. *Belck*, 97 Ind. 73 ; *Eslinger* v. *East*, 100 Ind. 434.

A case may be postponed by the agreement of the parties, acting for themselves, or through their attorneys, and with the consent of the court, but an agreement by the parties that a cause shall be postponed does not operate as a postponement, without the sanction of the court, and does not of itself bind the court. A party is, therefore, not justified in assuming that a cause will be postponed simply because he has agreed with his adversary that it shall be. Nor is he authorized to assume that opposing counsel acted in bad faith because the court declined to sanction an agreement to a postponement. Neither is a defendant injured by the overruling of his motion to postpone, or by being deprived of an opportunity of summoning his witnesses, unless he has a meritorious defence, or his witnesses are material. Applying these general principles to the affidavit of Blackledge, we have no reason for either inferring or concluding that Moulder was injured in any material respect by being required to go to trial at the time the cause was tried. He was represented by counsel at the trial, made a defence and reserved exceptions, and, for aught that appears of record, he made as good a defence as he would have done if additional time had been given. There is, therefore, no affirma-

tive showing that Moulder was really injured by his failure to obtain further delay in going to trial. *Whitehall* v. *Lane,* 61 Ind. 93.

. The next question argued is based upon the refusal of the Clinton Circuit Court to change the venue, on the application of Moulder.

Section 1323, R. S. 1881, directs that the courts shall adopt rules for conducting proceedings therein not inconsistent with the laws of this State, and it has been frequently held that, under the authority thus conferred, our courts may, by the adoption of an appropriate rule, regulate the time within which applications for changes of venue shall be made, and may overrule an application for a change of venue made after the time fixed by such a rule, on the ground that it comes too late. See 2 Works Pr., section 1273, and cases cited ; *Krutz* v. *Griffith,* 68 Ind. 444 ; *Krutz* v. *Howard,* 70 Ind. 174 ; *Hays* v. *Morgan,* 87 Ind. 231 ; *Rout* v. *Ninde,* 111 Ind. 597 ; *Moore* v. *Sargent,* 112 Ind. 484.

Cases might arise in which a strict enforcement of such a rule would not be justified, but there is nothing in this case to make it an exception to the general rule announced as above. *Ringgenberg* v. *Hartman,* 102 Ind. 537.

The Clinton Circuit Court, consequently, did not err in overruling Moulder's application for a change of venue.

An exception was reserved below upon the sufficiency of the evidence to sustain the finding which was made by the court, but no argument has been submitted here in support of that exception.

The judgment is affirmed, with costs.

Filed Sept. 18, 1888.