[No. 13720. In Bank. — September 10, 1890.]

## GEORGE S. McLEAR, RESPONDENT, *v.* JOSEPH HAPGOOD ET AL., APPELLANTS.

CONFLICT OF EVIDENCE. — Instance of the application of the general rule to a finding as to the right to water.

WATER-DITCH — WATER RIGHT. — The ownership of a water-ditch is not necessarily the same as the right to the water flowing through it, and is not a necessary incident thereto.

APPEAL from an order of the Superior Court of Plumas County refusing a new trial.

The facts are stated in the opinion.

*J. C. Black,* for Appellants.

*Goodwin & Goodwin,* for Respondent.

HAYNE, C. — This was a suit to restrain the defendants from diverting the waters of a certain stream. The

trial court gave judgment for the plaintiff, and the de-fendants appeal.

The plaintiff's right is based upon adverse user. His testimony, with that of the witnesses Theilbar and Re-becca King, tends to show such user; and it was shown that the defendants agreed in writing that they would pay the plaintiff for the use of the water during seasons when there was not enough for all parties. This agree-ment was in force during a limited period only, but it was a clear acknowledgment of the plaintiff's right. This evidence was at least sufficient to raise a substan-tial conflict, and therefore the finding as to the owner-ship of the water cannot be disturbed. It is contended, however, that the plaintiff is estopped by a recital in the agreement referred to from denying the defendants' right to the water. But the recital was, that the defend-ants were "the owners of *the surplus* waters," etc. The defendants contend that the word "surplus" was inter-lined without their knowledge after the execution of the agreement. But the word was entirely in accord with the tenor of the agreement. For if the defendants were the owners of the water, why should they have agreed to pay the plaintiff for it? And the plaintiff distinctly testified that the word was in the agreement before he signed it. The most that can be said is, that the evi-dence in relation to the matter was conflicting. The recital, therefore, did not estop the plaintiff; and there is no sort of foundation for a claim of equitable estoppel. The plaintiff, therefore, must be held to be the owner of the water to the extent claimed; and there was sufficient evidence that there was not enough for both parties. Finally, it is urged in the reply brief that the findings are conflicting. The position in this regard is, that the sixth finding is in conflict with the others. But we do not think so. There is no dispute about the ownership of the "water-ditch" mentioned in that finding. The ownership of this ditch is entirely distinct from the

right to divert the water of the stream; and to say that the latter is an incident of the former is to assume the whole question. It is not contended that the findings are contradictory in any other respect; and we deem it sufficient to say that we have examined the findings, and find no material conflict therein. The other matters do not require special notice.

We therefore advise the order appealed from be affirmed.

Belcher, C. C., and Foote, C., concurred.

The Court. — For the reasons given in the foregoing opinion, the order appealed from is affirmed.