A. CAUGHEY *vs.* NORTHERN PACIFIC ELEVATOR COMPANY.

Argued Oct. 28, 1892.   Decided Nov. 18, 1892.

Sufficiency of excuse for the default of a party and absence of his attorney at the trial considered.

Appeal by defendant, Northern Pacific Elevator Company, from an order of the District Court of Otter Tail County, *Baxter, J.,* made January 6, 1892, refusing a new trial.

This action was brought by the plaintiff, A. Caughey, against the defendant, to recover a balance of $114.88, alleged to be due plaintiff for wheat sold to defendant.   Issue was joined, and the case set for trial November 11, 1891.   The defendant did not appear, the case was tried and a verdict rendered for the plaintiff.   The defendant, on the affidavit of its attorney showing the facts stated in the opinion, moved for a new trial, on the ground of accident and surprise.   The motion was denied and defendant appeals.

*Spalding & Phelps,* for appellant.

*Baxter & Daly,* for respondent.

DICKINSON, J.   This action being at issue and on the calendar of the court for trial at a term held at Fergus Falls, in the county of Otter Tail, the defendant's attorney, one Davis, residing at Fargo, Dak., agreed with the plaintiff's attorneys that they should notify him of the time which might be set for the trial.   The case was afterwards set down for trial on the 11th of November.   The day before that the plaintiff's attorneys telegraphed to the defendant's attorney at Fargo informing him of the fact.   The delivery of this tel-

egram at Fargo was delayed, perhaps by reason of an error in the direction, Mr. Davis' initials being transposed. He did not receive it until the morning of the 11th of November. He then took the first train going from Fargo to Fergus Falls, but, the direct railroad route being unavailable because of a wreck on the track, he was compelled to go by a circuitous route, and consequently did not reach Fergus Falls until 2 o'clock in the afternoon of that day. Before that hour the case had been called, and, there being no appearance for the defendant, the plaintiff's case was presented, and verdict rendered in his favor. The defendant afterwards sought to excuse the default, by the affidavit of Mr. Davis, setting forth somewhat more fully the facts to which we have referred, and thereupon the defendant moved that the verdict be vacated and a new trial granted. This was refused, and the defendant has appealed.

In refusing the relief sought, upon the case presented, the court acted fairly within its discretion. We will refer briefly to some circumstances which may properly have influenced the action of the court.

A traveling agent of the defendant, who appears to have been the person most conversant with the facts of the case, was in court on the day preceding the trial, and, as it would seem, had notice that the case would be called for trial the next day; but he left the place that night without making any provisions concerning the case, so far as appears, although he may be supposed to have known that no one else was then present to attend to it.

Again, it seems probable that Mr. Davis might have informed the court by telegraph of his delay, and that he was on the way, so that the court might have exercised an intelligent discretion with respect to holding the case open or postponing the trial. It is worthy of consideration whether he ought not to have done so.

Another matter to be considered is the fact that it did not appear that, even if Mr. Davis had reached Fergus Falls before the hearing, he would have been prepared for trial. It does not appear that any witnesses or evidence were at hand or accessible. The defendant's attorney took upon himself some risk as to the result in absenting himself from court, without necessity, so far as appears, and relying upon

there being sufficient time after the setting of the case, and before the trial, to enable the opposing attorneys to notify him, and to enable him to reach the court by the time set, and to be then prepared for the trial. There is no claim that notice was not sent as soon as the time for the trial was fixed.

We see no abuse of discretion on the part of the court, and the order is affirmed.

COLLINS, J., did not sit.

(Opinion published 53 N. W. Rep. 545.)