THOMAS HUGHES et al.

v.

KATERINA RICHTER, Admx.

161    409
186    5559

*Filed at Ottawa May 12, 1896.*

1. AMENDMENTS—*upon trial—when not error.* Allowance of amendments to a declaration on the trial of an action for negligently causing death, setting up next of kin and reducing the *ad damnum*, not followed by any motion for delay or continuance by the defendant, cannot be complained of on appeal.

2. PLEADING—*when issue is waived by going to trial.* Going to trial without issue joined on a plea of not guilty, in an action on the case, and treatment of the case by both parties as being at issue, is a waiver of the issue.

3. SAME—*plea of not guilty does not raise question of appointment of administratrix.* The question of the appointment of a plaintiff as administratrix is not in issue under a plea of not guilty, so as to require proof of such appointment.

4. APPEALS AND ERRORS—*improper proof must be objected to at trial.* The propriety of proof of the names of children who are adults, in an action on the case for negligently causing death, does not arise on appeal, where no objection was interposed at the trial.

5. EVIDENCE—*experts cannot testify to matters of common knowledge.* The probable effect of taking out all the stakes from one side of a car loaded with lumber, being a matter of the operation of natural laws within the observation of everybody, is not a matter for expert testimony.

6. TRIAL—*expression of opinion by trial judge.* The expression of an opinion by a trial judge that an unresponsive answer is responsive to the question, does not affect the rights of the parties where the question was repeated in another form and a responsive answer given.

*Hughes* v. *Richter, Admx.* 60 Ill. App. 616, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. PHILIP STEIN, Judge, presiding.

LEVI SPRAGUE, for appellants.

JONES & LUSK, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Appellee brought this suit in the Superior Court of Cook county, as administratrix of the estate of her deceased husband, John Richter, to recover damages for his death, occasioned, as was charged, by the negligent and improper order of the foreman under whom he was employed, in the service of appellants, in unloading lumber from a car. She recovered a judgment for $2000, which has been affirmed by the Appellate Court.

By the statute the facts in dispute between the parties have been conclusively settled by the judgment of affirmance. It is complained that the Appellate Court in this instance refused to investigate and decide upon the facts; but that claim is not justified by the judgment of that court, and they must be considered as settled.

Complaint is made that the trial court allowed various amendments of the pleadings by plaintiff without giving defendants a proper opportunity to plead, and that the case was tried without issue being taken on the defendants' plea of not guilty. The declaration was amended several times, and at the trial there were two amendments made. The declaration, up to that time, had alleged that the deceased left plaintiff his widow, but contained no averment that he left any next of kin. The court permitted an amendment by which it was averred that he left five children, who were named. The other amendment came about in this way: The damages had been laid in the *præcipe*, summons and declaration at $10,000. In offering evidence at the trial the attention of plaintiff's counsel was called to the statute, which did not authorize a recovery above $5000, and the court gave leave to amend by reducing the *ad damnum* to $5000. Defendants did not ask for time or make any motion for delay or a continuance, and therefore cannot complain that time and opportunity were not given to

meet these amendments. They had pleaded the general issue, which was the only available plea, and while issue does not appear to have been formally taken on it, the record recites that issue was joined. The parties treated the case as at issue on that plea to the amended declaration, and the judgment should not be reversed on account of anything appearing in the record as to the pleading.

It is argued that the plaintiff could not recover as a matter of law, for the reason that there was no proof of the essential fact affirmed in the declaration that she was administratrix. This fact was not denied by plea, so that it was admitted, and it was not necessary to make any proof of it. *Union Railway and Transit Co.* v. *Shacklet,* 119 Ill. 232.

It is next urged that the plaintiff gave evidence of the children named in the amendment to the declaration as left by the deceased and being his next of kin, and three of these were adults. No objection was made to this proof and no instruction was asked limiting the damages to minors, and so the question does not arise.

Defendants objected to an answer given by a witness, on the ground that it was not responsive, and the court expressed the opinion that it was responsive. Perhaps it was only inferentially so; but counsel repeated the question in another form and a direct answer was given, so that no right was affected by the opinion expressed by the court of which complaint is made.

The defendant Fox, when examined as a witness, was asked by his counsel about the effect of taking out all the stakes from one side of a car loaded with lumber, and an objection was sustained to the question. This was a matter of common knowledge. The operation of natural laws, within the observation of everybody, is not matter for expert testimony, and the objection was properly sustained.

Several instructions asked by defendants were refused, and we think properly, because not applicable to

the issues.    The charge made in the declaration was the negligent and improper order of the foreman, and these instructions have no relation to the issue raised by that charge.

The judgment will be affirmed.    *Judgment affirmed.*