KOHLER, Appellant, vs. WEST SIDE RAILROAD COMPANY, Re-
spondent.

*March 1 — March 22, 1898.*

*Juror, competency of: Appeal, harmless error: Negligence: Special ver-
dict: Instructions.*

1. A person is not disqualified to sit as a juror in an action against a
   street railway company by the mere fact that he is in the employ
   of another street railway company, if it does not appear that his
   relations to such company will be likely to bias his judgment.

2. To overrule the challenge for cause of a juror is not prejudicial error,
   unless it appears that an objectionable juror was forced upon the
   party after such party had exhausted his peremptory challenges.

3. The admission of leading questions is so largely in the discretion of
   the trial judge that the appellate court will not interfere except
   in a case of manifest abuse of discretion.

4. Where, in an action for personal injuries, the evidence as to the nat-
   ure and character of the plaintiff's injuries was undisputed, and

VOL. 99 — 3 .

the judge had charged the jury that, in estimating damages, they should make allowance for the pain and suffering the plaintiff was reasonably certain to endure thereafter from the deformity of his leg and the depreciation of his capacity to earn a livelihood in the future, *held*, that it was not error to refuse to require the jury to make a special finding as to whether the plaintiff's injury was permanent. That would have no bearing except upon the amount of his recovery.

5. Although a street-car conductor may have been guilty of negligence in suddenly starting his car without warning a passenger who was about to alight, thereby proximately causing his injury, yet, if such passenger failed to exercise ordinary care in making the attempt, he cannot recover therefor.

6. In cases where special verdicts are submitted, the law does not contemplate, nor does proper practice require the court to give, instructions as to the general duty or liability of parties, but the instructions should be directed to the specific questions asked.

7. An instruction that street railways are responsible for the negligence of their agents in the management of their cars "if any injury accrues therefrom and the passengers themselves are without fault," if objectionable standing by itself, will be rendered harmless if full and correct instructions are also given as to the duty of passengers.

8. A special verdict to the effect that the conductor of the car was guilty of negligence which was the proximate cause of the injury, and (upon evidence supporting it) that the plaintiff was guilty of negligence which proximately contributed to the injury sustained, which has been passed upon by the trial court, *held* not to be inconsistent and will not be disturbed on appeal.

APPEAL from a judgment of the superior court of Milwaukee county: J. C. LUDWIG, Judge. *Affirmed.*

This action is brought to recover damages claimed to have been sustained by plaintiff while riding on one of defendant's street cars in the city of Milwaukee, in April, 1892. The ground of recovery is the alleged negligent starting of the car without warning, as plaintiff was about to alight therefrom, by which he was thrown violently to the pavement and sustained a fracture of his right leg.

A special verdict was returned by the jury in which they found: (1) That plaintiff was injured while alighting from

defendant's street car near the foot of Wisconsin street. (2) That the car came to a full stop just before the plaintiff alighted therefrom. (3) That plaintiff had sufficient reason to believe that the car would stop a sufficient length of time to enable him to safely alight therefrom with the use of ordinary care and prudence. (3a) That plaintiff did not proceed to alight from the car while it was in motion. (4) That the motorman did not know plaintiff was alighting from said car, in time to avoid the injury. (5) That the motorman ought not, in the exercise of proper care, to have known that plaintiff was getting off the car. (6) That the motorman was not guilty of negligence. (7) That the conductor was guilty of negligence that proximately caused plaintiff's injury. (8) That plaintiff was guilty of a want of ordinary care and prudence which proximately contributed to the injury. (9) That plaintiff's damages were $1,229.50.

Plaintiff moved for a new trial, and defendant for judgment on the verdict. Defendant's motion was granted and judgment was duly entered, from which this appeal is taken.

For the appellant there was a brief by *C. E. Estabrook* and *Elliott & Hickox*, and oral argument by *C. E. Estabrook* and *E. S. Elliott.* They argued, *inter alia*, that it was error not to exclude the juror who was challenged for cause. He was clearly disqualified, and the plaintiff was deprived of one peremptory challenge. *People v. Casey*, 96 N. Y. 115; *Omaha & R. V. R. Co. v. Cook*, 37 Neb. 435; *State v. Miller*, 29 Kan. 43; *State ex rel. Getchel v. Bradish*, 95 Wis. 205; *Hubbard v. Rutledge*, 57 Miss. 7; *Louisville, N. O. & T. R. Co. v. Mask*, 64 id. 738; *Hill v. Corcoran*, 15 Colo. 270; *Stumm v. Hummel*, 39 Iowa, 478; *Central R. Co. v. Mitchell*, 63 Ga. 173; *Page v. C. V. R. R.* 21 N. H. 438. The question whether the plaintiff's injury was permanent bore upon an important issue, and ought to have been submitted. *Bagnowski v. A. J. Linderman & H. Co.* 93 Wis. 592; *McGowan v. C. & N. W. R. Co.* 91 id. 147, 155; *Davis v. C., M. & St. P.*

*R. Co.* 93 id. 470; *Kerkhof v. Atlas Paper Co.* 68 id. 674, 676; *Pratt v. Peck*, 65 id. 463; *Wagner v. Finnegan*, 65 Minn. 115. The most important question of proximate cause was not fairly submitted. *Sheridan v. Bigelow*, 93 Wis. 426; *Klatt v. N. C. Foster Lumber Co.* 92 id. 622; *Andrews v. C., M. & St. P. R. Co.* 96 id. 348; *Deisenrieter v. Kraus-Merkel M. Co.* 97 id. 279; *Maitland v. Gilbert Paper Co.* id. 476. The instructions given as to the respective duties of railway companies and their passengers were not applicable and the verdict was inconsistent. *Grand Trunk R. Co. v. Ives*, 144 U. S. 408, 429. The refusal to charge correctly on the subject of contributory negligence was error. *Heucke v. Milwaukee City R. Co.* 69 Wis. 401, 407; *Finn v. Valley City St. & C. R. Co.* 86 Mich. 74.

For the respondent there was a brief by *Miller, Noyes, Miller & Wahl*, and oral argument by *Geo. P. Miller*.

BARDEEN, J. At the opening of the trial, one N. E. Gailey was called as a juror, who testified that he was in the employ of the Milwaukee Electric Railway & Light Company, but in what capacity does not appear. Appellant's counsel challenged the juror for cause, and, upon it being overruled, afterwards excused him upon peremptory challenge. This is claimed to be error. The mere fact that the juror was in the employ of another street railway company, without a showing as to what that employment was, affords no reason, on its face, for excusing the juror for cause. The disqualification could only arise upon some showing of fact from which a fair inference could be drawn that his duty as a juror in the case would clash with his duty to the company, or that his relations to the company were such as to be likely to bias his judgment. No such showing was made. But, admitting that the juror was disqualified, under the rule laid down in *Pool v. Milwaukee Mechanics Ins. Co.* 94 Wis. 447, and *Spies v. People*, 122 Ill. 1, it is not prejudicial error to

overrule a challenge for cause unless it is shown that an objectionable juror was forced upon the party, and sat upon the case, after such party had exhausted his peremptory challenges.

The errors as to the admission of evidence are so trivial and so unsubstantial that counsel were content, in their brief, to simply refer us to the page in the case where the alleged objectionable evidence could be found. This contention is based largely, if not wholly, upon the ground that the questions were leading. This matter is so largely in the discretion of the trial judge that this court will not interfere except in cases of manifest abuse. No such instance is here presented.

Complaint is made that the court refused to submit a question of whether or not the injury to appellant was of a permanent nature. There was no dispute in the evidence as to the nature and character of plaintiff's injuries. All the testimony on that subject came from the plaintiff and his medical attendants. It had no significance except as it bore on the amount of recovery. The judge charged the jury that in estimating damages they should make allowance for the pain and suffering appellant was reasonably certain to endure hereafter, for the deformity of his leg, and the depreciation of his capacity to earn a livelihood in the future. The testimony being all one way as to the character of his injuries, it is not easy to perceive how he has been wronged by a failure to require the jury to make a special finding on that subject. Questions in a special verdict are only designed to cover contested issues. *Murphey v. Weil*, 89 Wis. 146; *Hart v. West Side R. Co.* 86 Wis. 483.

We have carefully reviewed the verdict submitted, and are satisfied that it fairly covers the issues made by the pleadings and proofs. The negligence complained of arose from the fact that the motorman or conductor, without notice or warning, caused the car to start with a sudden jerk,

while appellant was attempting to alight therefrom. The jury found that the motorman did not know, and ought not in the exercise of proper care to have known, that appellant was getting off the car. The motorman being in charge of the motive power of the car, this finding disposes of so much of defendant's negligence as arises from the alleged *negligent* starting of the car. There being no pretense that the conductor signaled for the car to start, the only other element of negligence arises from the failure to warn. That duty presumably lay upon the conductor. The jury found, under proper instructions, that the conductor was guilty of negligence which proximately caused the injury. His negligence, therefore, must have consisted in the failure to give notice or warning to the passenger about to alight. No other theory is tenable, either from the pleadings or proof. The jury further found that the car came to a full stop, and that the appellant had reason to believe that it would stop, a sufficient length of time to enable him to alight with safety, if he used ordinary care. By the failure of the conductor to do his duty, he was induced to make the attempt to leave the car, and upon this the liability of the defendant must be predicated. But the jury went further and found that appellant failed to exercise ordinary care in attempting to alight, which contributed to produce the injury he received. It requires no argument or citation of authorities to show that, if this finding is supported by the evidence, no recovery can be had. Whether or not a person has used ordinary care in a given case depends upon a great variety of circumstances of time, place, knowledge of conditions, acts of the party, and the like, which bear upon and give character to his conduct. It requires a full survey of all existing conditions from which an inference of fact may arise, and, unless such inference is conclusive, it becomes the duty of the jury to pass upon the facts and arrive at a result. The jury did so in this case, under full and proper

instructions, and the result reached finds ample support in the testimony, and therefore precludes a recovery.

In cases where special verdicts are submitted, the practice of attorneys in requesting instructions only applicable when a general verdict is required ought not to be encouraged. The law does not contemplate, nor proper practice require, the trial court to submit instructions as to the general duty or liability of the parties. The very purpose of a special verdict is to have the jury find the facts, to which the court will apply the law on the motion for judgment. Only such instructions as to the law should be given as will enable the jury to understand and properly answer the interrogatories submitted. Proper practice would seem to demand that instructions submitted in such cases should be directed to specific questions asked, and not to the case generally, as when a general verdict is submitted. It not unfrequently happens that the giving of general instructions would advise the jury of the effect their answers would have upon the judgment,— a result well calculated to defeat the very purpose of a special verdict. *Ryan v. Rockford Ins. Co.* 77 Wis. 611. These remarks are called forth by the contention of counsel that certain instructions requested were not submitted. Each of the instructions requested was repugnant to the practice stated. So far as applicable, however, the trial court seems to have substantially submitted the instructions requested. *Klatt v. N. C. Foster Lumber Co.* 97 Wis. 641.

Criticism is made that the court erred in his instructions to the jury wherein he said that street railways were responsible for negligence of their agents with respect to the management of their cars, "if any injury ensues therefrom, and the passengers themselves are *without fault*." Standing by itself this clause would be subject to the criticism offered, but, when construed with the other portions of the charge, it becomes harmless. It is further rendered quite inoffensive

by the findings of the jury.   The court fully instructed the jury as to the passenger's duty in subsequent portions of the charge, and under the rule that the charge must be construed as a whole, it is not perceived how any injury resulted to the appellant.

The contention that the verdict is inconsistent cannot prevail.   The main questions involved related to the negligence of the respective parties, and upon which the findings are full and complete.   The finding that appellant was guilty of negligence which proximately contributed to the injury sustained, receiving support from the evidence, and the trial court having passed thereon, this court does not feel at liberty to disturb such decision.

*By the Court.*— The judgment of the superior court of Milwaukee county is affirmed.