## VICTOR L. JOSEPHSON V. SIGURJON SIGFUSSON.

Opinion filed August 2, 1904.

**Cross-Examination — Discretion of Court.**

1. The matter of permitting leading questions to be asked a witness, and the limits to which cross examinaton will be allowed, rest very largely in the discretion of the trial judge, and his action will not be disturbed in the absence of a manifest abuse of such discretion.

**Failure of Witness to Attend — New Trial — Accident and Surprise.**

2. In cases where a witness not subpœnæd, but who promised to attend the trial, fails to attend, owing to sickness, such sickness becoming known to defendant during the trial, his failure to attend is not ground for grantng a new trial, under subdivision 3 of section 5472, Rev. Codes 1899, making "accident or surprise which ordinary prudence could not have guarded against" a ground for a new trial, when no motion for a continuance was made after the witness' sickness became known to defendant.

**Failure of Attorney to Notify Opposing Counsel — New Trial.**

3. The failure of one attorney to notify another when a case will be called, if an agreement to do so is made, will not be ground for a new trial, unless the attorney to be notified has used diligence to attend after learning from other reliable sources when the case is to be called.

Appeal from District Court, Pembina county; *Kneeshaw, J.*

Action by Victor L. Josephson against Sigurjon Sigfusson. Judgment for plaintiff, and defendant appeals.

Affrmed.

*Skulason & Skulason* and *Bosard & Bosard,* for appellant.

If the evidence permitted or prevented by surprise is probably sufficient to change the result, a new trial should be granted although such evidence is cumulative and impeaching. 14 Pl. & Pr. 747; South's Heirs v. Thomas' Heirs, 23 Ky. 59; Leckie v. Crain, 12 La. 432; Ruggles v. Hall, 14 Johns 112; Jackson v. Warford, 7 Wend. 62; Tilden v. Gardinier, 25 Wend. 663; Smith v. Rawlings' Admr. 3 S. E. 238; Griffin et al. v. Towns et al., 25 S. W. 968.

Plaintiff's counsel failed to notify defendant's counsel of the time of trial. A new trial will be granted when the suprise is due to the conduct of the prevailing party by which he has some advantage. 14 Enc. Pl. & Pr. 742, 743; Symons v. Bunnell et al., 22 Pac. 193;

Robertson v. Williams, 22 Pac. 665; Stoppelfeldt v. Milwaukee, etc., Ry. Co., 29 Wis. 688; Hull v. Vining, 49 Pac. 537; Chicago, St. P., M. & O. Ry. Co., v. Deaver, 63 N. W. 790; Maddox et al. v. Cleary, 52 N. W. 288; First Nat'l Bank of Storm Lake v. Harwick, 37 N. W. 171; Adams v. Ratbun, 86 N. W. 629; Petersen v. Koch, 81 N. W. 160; White v. Richards, 49 S. W. 337; Dodge v. Ridenour, 62 Cal. 263; Anderson v. Scotland, 17 Fed. 697; McCotter v. Shoreham, 49 Atl. 695; Southwestern T. & T. Op. v. Jennings, 51 S. W. 288; Fitzgerald v. Wygal, 59 S. W. 621; Sturgeon v. Hitchens, 22 Ind. 107; Head v. A. & L. Tie Co., 70 S. W. 55; Thrasher v. Anderson, 45 Ga. 538; Rust v. Ketchum, 46 Ga. 534; Triplett v. Scott, 68 Ky. 81.

*P. E. Halldorson, M. Brynjolfson* and *J. D. Laxdahl,* for respondent.

The admission or exclusion of leading questions is within the discretion of the trial court and the exercise of such discretion will not ordinarily be reviewed. White v. White, 23 Pac. 276; Funk v. Babbitt, 41 N. E. 166; Goudy v. Werbe et al., 19 N. E. 764; City of Harvard v. Stiles, 74 N. W. 399; Kohler v. West Side Ry. Co., 74 N. W. 568; Jones on Ev. section 819; Freeman v. City of Huron, 73 N. W. 260; State v. Chee Gong, 21 Pac. 882; Blakemore v. Blakemore, 18 N. W. 103.

There was no prejudice in the exclusion or admission of testimony in question inasmuch as defendant admits the facts testified to. Mucci v. Houghton, 57 N. W. 305; State v. Munson, 34 Pac. 932; People v. Fong Ah Sing, 11 Pac. 323.

If defendant at any time made any statement or admission which could reasonbly be construed to be inconsistent with his testimony on the stand, it was proper to show it on cross-examination. Sayres v. Allen, 35 Pac. 254; Jones Ev. sections 826, 838; Schultz v. Chicago & N. W. Ry. Co., 31 N. W. 321.

The absence of a material witness must be brought to the attention of the trial court before the trial, by motion for a continuance; failure to do so, party will be held to have elected to go to trial without him and must abide the consequences. Rule XXVI, District Court Rules; Gaines v. White, 1 S. D. 434, 47 N. W. 524, 50 N. W. 901; Hughes et al. v. Richter, 43 N. E. 1066; McLear v. Hapgood et al., 24 Pac. 788; Schellhouse v. Ball, 29 Cal. 605; 14 Enc. Pl. & Pr. 741, 749 and note 3; 1 Spelling on New Trial, section 388.

If motion for continuance were seasonably made, the plaintiff would have had the right to proceed to trial on stipulating that the absent witness, were he present, would have testified to the facts claimed, and this right he could not be deprived of by a neglect of defendant to make a motion. Sanford v. Gates, 16 Pac. 807; Hutton v. Bank, 45 S. W. 668; Matthews v. Railway Co. 44 S. W. 802; 4 Enc. Pl. & Pr. 866; White Sewing Machine Co. v. Simpson, 74 N. W. 197; 1 Spelling on New Trial, section 143.

Under a general denial the proposed testimony would have been inadmissible, and a continuance if asked for could not have been admitted. Cohn v. Brownstone, 28 Pac. 953; Nebraska & D. Land & Live Stock Co. v. Burris, 73 N. W. 919.

The order granting or refusing a new trial on the grounds of accident or surprise is a discretionary one, and will be reversed only for a manifest abuse of discretion. Gotzian v. McCollum, 8 S. D. 186, 65 N. W. 1068; Burdick v. Haggart, 4 Dak. 13, 22 N. W. 589; 1 Spelling New Trial, section 187.

MORGAN, J. This is an action for a balance claimed to be due the plaintiff from the defendant on account of money collected for the plaintiff by the defendant as his agent. The answer pleads full payment. A verdict was rendered for the full amount claimed by plaintiff. Defendant made a motion for a new trial on the following grounds: (1) Alleged errors of law relating to the admission and exclusion of evidence; (2) on the ground that one of defendant's witnesses unexpectedly failed to appear at the trial because of his sickness; (3) upon the ground that defendant was compelled to proceed to trial without the assistance of his attorney of record in the case, for the reason that plaintiff's attorney had failed to notify said defendant's attorney when the case would be called, as he had agreed to do; and (4) insufficiency of the evidence to sustain the verdict. The motion for a new trial, based on a settled statement of the case, was denied, and judgment rendered on the verdict. The defendant appeals to this court from the judgment.

The cause of action set forth in the complaint was based upon the following facts: The plaintiff is a stepson of one Christian S. Bakkman. Bakkman and plaintiff were not on very friendly terms. There was a controversy between them in regard to certain money held by Bakkman which plaintiff had inherited from his father. Plaintiff was anxious to have this money paid to him by Bakkman, and claims that he employed the defendant, Sigfusson, as his

agent to collect and receive the money from Bakkman. Plaintiff claims that the defendant did collect all of said money, as his agent, but has refused to turn it over to plaintiff, except about $600 of it. So far as the payment to defendant is concerned, we are agreed that the evidence showed by a clear preponderance that defendant was employed by plaintiff to collect it, and that he did collect it, and has only turned over about $600 of it, and has only accounted for that sum. The jury found for the plaintiff for the full amount claimed, and the verdict was sustained by competent evidence. The verdict is not assailed on any ground that can be sustained, so far as the sufficiency of the evidence is concerned. If the trial was without prejudicial error so far as the defendant is concerned, the judgment must be affirmed.

Appellant urges that his rights were prejudiced by the conduct of plaintiff's attorney in failing to notify defendant's attorney of the time when the case would be reached for trial in time for him to be present at the trial, as he agreed to do, as claimed by defendant. What the plaintiff's attorney did agree to do concerning such notification is a matter of dispute. The attorneys do not agree as to the facts, and, as they rest in parol, this court will not attempt to determine what the facts are. The matters in controversy transpired mostly in the presence of the trial court. That court, under its own knowledge of the facts, and with the affidavits of the parties before it relating to the disputed facts, denied the motion for a new trial, and thereby decided the disputed questions of fact adversely to appellant's contention. Under the circumstances, we shall be controlled by the finding of the trial judge on this matter. We will say, however, that the case, when called for trial, was the last jury case on the calendar; that there was no formal motion for a continuance on the ground that defendant's counsel was absent and had not been notified by plaintiff's counsel; that Mr. Bosard was employed by defendant to try the case when it became known that Mr. Skulason, his attorney of record, could not be present for immediate trial. After a jury was impanelled, Mr. Bosard suggested that further proceedings ought to be postponed until the next day, on account of Mr. Skulason's absence; giving as his reason that the witnesses would testify through an interpreter in a foreign language, not familiar to him, but familiar to Mr. Skulason. The examination of two witnesses proceeded so far as their direct examination was concerned. On request of Mr. Bosard, their cross-examin-

ation was deferred until the next day, when Mr. Skulason expected to be present. On the morning of the next day a court case was taken up, and the case at bar passed until Mr. Skulason could be present. Through some misunderstanding at Grand Forks as to the train being three hours late, Mr. Skulason failed to appear, but the trial did not proceed until after the train arrived at Pembina, where the case was on trial. If it should be conceded that plaintiff's attorney had agreed to notify Mr. Skulason when the case would be called, and had failed to do so, the absence of Mr. Skulason at the trial was not attributable to that fact. Except as to the examination in chief of two witnesses for plaintiff, he could have conducted the trial, and his absence cannot be properly charged to plaintiff's attorney. The further fact is also shown by the record that it is not claimed that mistakes were made at the trial. It is not attempted to be shown wherein the trial was not properly conducted. No fact is pointed out that could have been presented in a different or better manner. Nothing was omitted. The issue was a simple question of fact, not requiring special preparation for the trial. It is not hinted that the trial could have been conducted with better chances of succeeding, had the regular attorney been present. The mere fact that the regular attorney is familiar with the language in which the witnesses gave their testimony is of no weight whatever as a ground for granting a new trial because of his absence at the trial, under the circumstance of this case. The motion was properly denied, so far as this ground is concerned, both upon the ground that no prejudice is shown to have resulted from the attorney's absence, and that such absence was not caused by the conduct of plaintiff's attorney. Caughey v. N. P. El. Co., 51 Minn. 324, 53 N. W. 545; Spelling on New Trials, section 190; Adamek v. Plano Mfg. Co., 64 Minn. 304, 66 N. W. 981; Reynolds v. Campling, 23 Colo. 105, 46 Pac. 639; Moulder v. Kempff, 115 Ind. 459, 17 N. E. 906.

The defendant claims that a new trial should have been granted on the ground of the unexpected absence of a material witness who suddenly became ill and was unable to attend. The witness was not subpenaed, but promised on the day of trial that he would attend as defendant's witness. He now makes affidavit that he would have attended as such witness, had sickness not come on. The defendant knew that he was sick before the trial was resumed on the second day, and made no motion for a continuance. It is claimed that the circumstances present a case of "accident and surprise which

ordinary prudence could not have guarded against," and therefore are grounds for a new trial, under subdivision 3 of section 5472, Rev. Codes 1899. We do not agree with counsel in their contention. A case of accident or surprise under said section cannot arise unless the party asking for a new trial has been diligent. Gaines v. White, 1 S. D. 434, 47 N. W. 524. If ordinary caution would have prevented the situation from which relief is asked, the new trial should be denied. The party must himself be blameless. The situation must not be attributable to his negligence. By making a motion for a continuance after discovery of the witness' sickness, a continuance might have been granted, or the witness' testimony admitted by consent of the plaintiff. To rely on his promise to attend as a witness is not exercising ordinary diligence as a general rule. Clouston v. Gray, 48 Kan. 38, 28 Pac. 983; MacKubin v. Clarkson, 5 Minn. 247 (Gil. 193); Day v. Gelston, 22 Ill. 102; Frank v. Brady, 8 Cal. 47; Moore v. Goelitz, 27 Ill. 18; Langener v. Phelps, 74 Mo. 189; Foster v. Hinson, 76 Iowa, 714, 39 N. W. 682; Yori v. Cohn (Nev.) 67 Pac. 212; 4 Enc. Pl. & Pr. p. 862, and note 12, and cases cited. Ordinary diligence was not exercised in not moving for a continuance when it became known that the witness was unable to attend. By not making a motion for a continuance, the defendant cannot properly claim on a motion for a new trial that he could not have guarded against the surprise occasioned by the witness' absence. Litigants should place themselves in a position where attendance can be compelled by process, and, if they do not do so, they will not ordinarily be permitted to sucessfully urge the failure of witnesses to attend as ground for a new trial. See the following cases: Gee v. Moss, 68 Iowa 318, 27 N. W. 268; Lincoln v. Staley, 32 Neb. 63, 48 N. W. 887; Harrison v. Langston, 100 Ga. 394, 28 S. E. 162; Mayer v. Duke, 72 Tex. 445, 10 S. W. 565; Peck v. Parchen, 52 Iowa, 46, 2 N. W. 597; Swenson v. Aultman, 14 Kan. 273; Clouston v. Gray, 48 Kan. 38, 28 Pac. 983; Langener v. Phelps, 74 Mo. 189; Foster v. Hinson, 76 Iowa, 714, 39 N. W. 682; Moulder v. Kemff, 115 Ind. 459, 17 N. E. 906; Davis v. Walker, 7 W. Va. 447; Quincy Whig Co. v. Tillson, 67 Ill. 351; Eiche v. Taylor, 17 Minn. 172 (Gil. 145); Roach v. Colbern, 76 Mo. 653. In motions for a new trial on such grounds as are here presented, the trial court is vested with a wide discretion, and its action will not be disturbed except in case of manifest abuse of the same. See cases just cited,

and Hughes v. Richter, 161 Ill. 409, 43 N. E. 1066; McLear v. Hapgood, 85 Cal. 557, 24 Pac. 788.   The defendant should have moved for a continuance, and, not having done so, he does not bring himself within the provisions of subdivision 3 of said statute.

The appellant assigns as error that his objections to questions put by plaintiff to his witnesses as leading were erroneously overruled, and that plaintiff's objections to defendant's questions to plaintiff's witnesses on cross-examination were erroneously sustained. These objections relate to several questions.   We have carefully considered such objections. . No useful purpose would follow repeating the questions here.   In no case does it appear that a leading question objected to was followed by an answer containing evidence of facts that were not substantially in evidence before.   One question will illustrate the manner in which the leading questions were asked, as follows: "This money was then paid to Sigfusson to be paid to the plaintiff in this case?"   The witness had previously testified that he had paid the money to Sigfusson, and requested him to pay it to the plaintiff, and such answer was elicited by questions not leading.   The question objected to was objectionable, but to allow it was not reversible error.   The witnesses were examined through an interpreter, and the trial judge had a wide latitude of discretion, which was not exercised in a manner prejudicial to defendant's rights, nor in a manner not allowed under the ordinary rules relating to examination of witnesses.   White v. White, 82 Cal. 427, 23 Pac. 276, 7 L. R. A. 799; Funk v. Babbitt, 156 Ill. 408, 41 N. E. 166; Kohler v. Ry. Co., 99 Wis. 33, 74 N. W. 568; State v. Chee Gong, 17 Or. 635, 21 Pac. 882; Blakeman v. Blakeman, 31 Minn. 396, 18 N. W. 103; Rainey v. Potter, 120 Fed. 651, 57 C. C. A. 113; Carlson v. Holm (Neb.) 95 N. W. 1125; Pittsburg Ry. Co. v. Kinnare (Ill.) 67 N. E. 826.

The objection that the defendant's attorney was restricted in his cross-examination did not result in excluding any fact concerning which cross-examination was attempted.   The facts concerning which the inquiry was made had been testified to.   Under the wide latitude allowed on cross-examination the rulings were perhaps too resricted, but to grant a new trial for this reason would be unwarranted, as there is no pretense or claim that a material fact was excluded that was not already in evidence.

The judgment of the district court is affirmed.   All concur.