# WALTER NELSON v. JULIA A. SQUIRE and Homer H. Squire.

(155 N. W.1090.)

**Trial court — discretion — abuse of — new trial — motion for — newly discovered evidence — affidavits — promissory notes — payment — defense of.**

Evidence examined and held that the trial court did not abuse its discretion in ordering a new trial upon affidavits. It was shown that one of the notes in suit had been paid in cash and another paid by renewal, in the hands of other parties. This defense had been interposed by the answer, but, upon the trial, plaintiff's witnesses testified that there were two sets of notes exactly alike, and that the payments and renewals had been of two other notes not involved in the litigation. The affidavits for a new trial, however, denied the existence of any such notes.

Opinion filed January 3, 1916.

Appeal from District Court of Divide County, *Leighton,* J.
Affirmed.

*C. E. Brace,* for appellant.

A new trial will not be granted on the ground of surprise, where the party went to trial without material evidence which he could have procured by the exercise of ordinary diligence. Linard v. Crossland, 10 Tex. 462, 60·Am. Dec. 213; Tooney v. State, 5 Tex. App. 185.

The situation presented by such a motion must not be attributable to the negligence of the party asking for a new trial on the ground of surprise. He must show good diligence, and free himself from negligence. Josephson v. Sigfusson, 13 N. D. 312, 100 N. W. 703; Gains v. White, 1 S. D. 434, 47 N. W. 524.

A new trial will not be granted because the movant was surprised by the testimony of the adverse party. Travis v. Barkhurst, 4 Ind. 171; Helm v. First Nat. Bank, 91 Ind. 44; Delaney v. Brunette, 62 Wis. 615, 23 N. W. 22; Beal v. Codding, 32 Kan. 112, 4 Pac. 180; Dimmey v. Wheeling & E. G. R. Co. 27 W. Va. 32, 55 Am. Rep. 292, 7 Am. Neg. Cas. 111; Blake v. Madigan, 65 Me. 522; Beckford v. Chipman, 44 Ga. 543; Whiteman v. Leslie, 54 How. Pr. 494.

Where actual surprise is occasioned on a trial, the party should at once acquaint the court with the fact, and request a continuance. Gaines v. White, 1 S. D. 434, 47 N. W. 524.

Even where the testimony of one's own witnesses is different from that expected, a new trial will not be granted on the ground of surprise. Guard v. Risk, 11 Ind. 156; Greater v. Fowler, 7 Blackf. 554; Cartery's Estate, 56 Cal. 470; Ex parte Walls, 64 Ind. 461; Rockford, R. I. & St. L. R. Co. v. Rose, 72 Ill. 183.

One who holds title to commercial paper derived, in good faith and without notice, through a holder in due course, takes the same free from all defenses. Comp. Laws 1913, §§ 6937, 6943.

*George P. Homnes,* for respondents.

Where a party has used due diligence to discover the facts material to the case, is surprised by evidence which he had no reason to believe existed, a new trial may be granted on the ground of surprise. 29 Cyc. 863; Barnes v. Milne, Rich. Eq. Cas. 459, 24 Am. Dec. 422.

Where it appears that the new evidence could not have been obtained for the trial, a new trial will be granted. Clark v. Carter, 12 Ga. 500, 58 Am. Dec. 485; Delmas v. Margo, 25 Tex. 1, 78 Am. Dec. 516; 1 Hayne, New Tr. & App. § 79, pp. 386–389; Eagan v. Delaney, 16 Cal. 85, 5 Mor. Min. Rep. 223; Coghill v. Marks, 29 Cal. 673; Delmas v. Martin, 39 Cal. 555; Moore v. Los Angeles Infirmary, 49 Cal. 669; Kenezleber v. Wahl, 92 Cal. 202, 28 Pac. 225.

Where evidence is introduced the existence of which was unknown to the movent, a new trial may be allowed, although the movent did not ask for a continuance, and where he then knew of no evidence to rebut the offered evidence. 29 Cyc. 878.

In such cases the trial court is invested with a wide discretion. Josephson v. Sigfusson, 13 N. D. 312, 100 N. W. 703.

Burke, J. The facts as they appear to us are as follows: In May, 1909, Homer Squire lived upon a government homestead to which he had not yet received a patent. He had just bought a threshing machine from Johnson Brothers Hardware Company, local agents, for the sum of $1,623. Of this amount he had paid $600 cash; had given his notes for $423, $300, and $300. To secure those three notes he gave a mortgage back upon the rig and also a mortgage upon his homestead. Johnson Brothers, learning that no patent had been issued to Squires for his land, insisted that he procure a mortgage upon his mothers' homestead to which patent had been issued. His mother complied with this re-

quest, giving a mortgage upon her land to secure the same notes. It is not clear to this court whether the mother signed other notes for the same amounts. Thereafter, the Johnson Brothers assigned the notes and mortgage to the First National Bank of Ambrose, who collected and surrendered the $423 note. Later the bank assigned the two notes of $300 each and the two mortgages upon the real estate to a hardware company of St. Paul. The hardware company attempted collection of the $600, and sent the notes to North Dakota attorneys for that purpose. Squires then attempted to borrow the necessary $600 upon his·farm, and, in cleaning up the total, ran across the $300 mortgage which he had given before his patent had issued. This mortgage was held by the St. Paul hardware company, who agreed to satisfy it upon the payment of one of the notes upon which there was due $385: There then remained due the sum of $341 upon the other note. Squires did not pay this note, but gave a renewal note, and secured it by a second mortgage upon his land. The hardware company did not surrender the two old $300 notes to renew which the $341 note was executed and the $385 payment made, but fraudulently sold them to the plaintiff in this action. Plaintiff began an action to foreclose against the mother's land, claiming the full amount of the two notes, with interest. To the fore-closure proceedings the defense was interposed that said notes had been superseded as above,—practically paid by the issuance of the $341 note given to the hardware company. Trial was had to the court, where the evidence of the plaintiff seemed to show that there were, in fact, four $300 notes, possibly duplicates given at the time the mortgage was taken upon the mother's homestead, and that the two notes paid and renewed· were other and different notes than the ones sold to plaintiff. The notes were not offered in evidence, however, and as the testimony taken in the trial below is not before us, we are not positive as to the facts. On the strength of this testimony the trial court entered judgment in favor of the plaintiff, ordering the foreclosure as prayed. Shortly after the decision a motion for a new trial was made, based upon affidavits by. Homer Squire, John G. Odden, an attorney George P. Homnes, and especially the affidavit of one of the Johnson Brothers. Those affidavits state the facts as we have given them, and Johnson states positively that Squires owed but two $300 notes, and never was indebted to Johnson Brothers upon any other indebtedness. Defendant excuses his failure

32 N. D.—31.

to produce the affiants as witnesses upon the grounds that he had never heard of any additional $300 note until the trial itself, and that it was then too late to produce the rebutting testimony.

Upon this showing the trial court ordered a new trial and from such order this appeal is taken. It is conceded, we believe, that this order should not be disturbed except for abuse of discretion, and the only point for decision is whether such exists in this case.

1. In our opinion, the trial court did not abuse its discretion. That a meritorious defense was presented is too plain for argument. The affidavit by one of the original Johnson Brothers is convincing as to the merits. In all events, they present enough merit to justify the action of the trial court. Appellant in his brief lays most stress upon the proposition that no surprise was shown. This is also without merit. Defendant could not have anticipated from the pleadings that the payments made by him had been credited upon some paper which never existed, or of the existence of which he was in total ignorance. In his answer he had set forth specifically the payments that he had made and no reply or other pleading notified him of the plaintiff's contention that such payments were applied upon other notes. Being apprised of this contention for the first time at the trial itself, it is not likely that he could get the rebutting witnesses in time to be of effect. We believe the showing of diligence sufficient. See 29 Cyc. 863, and cases cited; Clark v. Carter, 12 Ga. 500, 58 Am. Dec. 485; 1 Hayne, New Tr. & App. § 79, p. 386; Kenezleber v. Whal, 92 Cal. 202, 28 Pac. 225. In motions for a new trial on such grounds as are here presented the trial court is vested with a wide discretion, and its action will not be disturbed except in case of manifest abuse. Josephson v. Sigfusson, 13 N. D. 312, 100 N. W. 703; McGregor v. Great Northern R. Co. 31 N. D. 471, 154 N. W. 261; State v. Cray, 31 N. D. 67, 153 N. W. 425; Aylmer v. Adams, 30 N. D. 514, 153 N. W. 419. We do not believe it is material to this decision whether plaintiff was or was not a holder in due course. The order of the trial court is affirmed.